1
2
3
4
5
6

MARK J. JACOBS, SBN 208945
Email: mjacobs@fisherphillips.com
RYAN D. WHEELER, SBN 268353
Email: rwheeler@fisherphillips.com
KYLEY S. CHELWICK, SBN 328476
Email: kchelwick@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

7
8

Attorneys for Defendants
NEWPORT AQUATIC CENTER and WILLIAM WHITFORD, a.k.a. BILLY WHITFORD

9

10

UNITED STATES DISTRICT COURT

11

CETNRAL DISTRICT OF CALIFORNIA

12

13
14
15
16
17
18
19
20
21
22
23
24
25

| CRISTINA MORCOM,<br><br>                   Plaintiff,<br><br>          v.<br><br>NEWPORT AQUATIC CENTER, a California domestic non-profit benefit corporation; WILLIAM WHITFORD, a.k.a. BILLY WHITFORD, an individual; GARRETT PICKARD, an individual; and DOES 1 through 50, inclusive,<br><br>                   Defendants. | CASE NO.:<br><br>*[Previously Orange County Superior Court Case Number 30-2019-01076845-CU-WT-CJC Assigned for all purposes to the Honorable Glenn R. Salter, Dept. C22]*<br><br>**DEFENDANTS NEWPORT AQUATIC CENTER, and WILLIAM WHITFORD, a.k.a. BILLY WHITFORD NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1331, 1441 and 1446**<br><br>Complaint Filed:    June 14, 2019<br>First Amended Complaint filed: June 21, 2019<br>Second Amended Complaint filed: December 22, 2020<br><br>Removal Filed: December 30, 2020<br>Superior Court Trial Date: Feb. 8, 2021 |

26

27

28

1

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF CRISTINA MORCOM AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants NEWPORT AQUATIC CENTER AND WILLIAM WHITFORD, a.k.a. BILLY WHITFORD (hereinafter, "Defendants"), through its counsel of record, respectfully hereby removes this action filed by Plaintiff CRISTINA MORCOM (hereinafter, "Plaintiff") from the Superior Court of the State of California, in and for the County of Orange (hereinafter, the "State Court"), to the United States District Court for the Central District of California.  The grounds for removal are as follows:

## I.      <u>Statement of Jurisdiction</u>

1.      This Court has original jurisdiction over this action because of the existence of a federal question. Plaintiff's Second Amended Complaint is removable based on federal question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction exists, and this Court has original jurisdiction over Plaintiff's SAC because claims alleged arise under federal law. *See Mims v. Arrow Fin'l Services, LLC*, 565 U.S. 368, 376–77 (2012) (providing "a federally created claim for relief is generally a 'sufficient condition for federal-question jurisdiction'"). Specifically, Plaintiff's Ninth and Tenth Causes of Action allege claims and seeks remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.,* specifically the Federal Equal Pay Act, 29 U.S.C. § 206(d), and Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000e, *et. seq*. ("Title VII"). *See also* 28 U.S.C. §§ 1331, 1441(a) and (c). *See* the Declaration of Ryan D. Wheeler ("Wheeler Decl."), Exhibit 21 (SAC, ¶¶ 85-98). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this Court has original

jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1331, and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.

## II.   **Venue**

2.     This action was filed in the Superior Court of California for the County of Orange.  Thus, venue properly lies in the United States District Court for the Central District of California.  *See* 28 U.S.C. §§ 84(c), 1391, and 1441(a).

## III.   **Plaintiff's Second Amended Complaint**

3.     This lawsuit arises out of Plaintiff's employment with named Defendant NEWPORT AQUATIC CENTER.  On June 14, 2019, Plaintiff Cristina Morcom filed a Complaint in the Superior Court of California, County of Orange, styled and captioned exactly as above, and assigned Case No. 30-2019-01076845-CU-WT-CJC ("Initial Complaint").  On June 21, 2019, Plaintiff filed her First Amended Complaint ("FAC"). After eighteen (18) months of litigation, on December 22, 2020, Plaintiff filed her Second Amended Complaint ("SAC").

4.     Plaintiff's SAC alleges the following causes of action: (1) gender discrimination; (2) failure to take all reasonable steps to prevent sexual harassment; (3) constructive wrongful termination in violation of public policy; (4) intentional infliction of emotional distress; (5) intrusion into private affairs; (6) whistleblower retaliation; (7) defamation; (8) California equal pay act; (9) Federal Equal Pay Act; (10) gender discrimination under Title VII of the Civil Rights Act of 1964; (11) California Business & Professions Code § 17200; (12) Violation of California's Comprehensive Computer Data Access and Fraud Act, Penal Code § 502. *See generally* SAC.

5.     Plaintiff's Ninth and Tenth Causes of Action in the SAC are newly added and were not pled in both the Initial Complaint nor the FAC. *See* Wheeler Decl. at ¶ 3, Exhibits 1, 4, 21.

/ / /

/ / /

DEFENDANTS NEWPORT AQUATIC CENTER AND WILLIAM WHITFORD, A.K.A. BILLY WHITFORD
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1331, 1441 AND 1446
FP 39466767.1

6.     Pursuant to 28 U.S.C. § 1446(a), correct copies of all process, pleadings, and orders served on Defendant are attached to the Declaration of Ryan D. Wheeler. *See* Wheeler Decl., Exhibits 1-21.

7.     Before removing, Defendants Newport Aquatic Center and William Whitford (through their counsel of record) obtained consent from Defendant Garrett Pickard to the removal. *See* the Declaration of Theresa M. Marchlewski ("Marchlewski Decl."), at ¶¶ 2-3.

### IV.    **Timeliness of Removal**

8.     This Notice of Removal has been filed within thirty (30) days of service of Defendants of Plaintiff's SAC and therefore the requirement of 28 U.S.C. § 1446 (b) requiring removal within 30 days of service of the Defendants has been satisfied.  Therefore, this Notice of Removal has been timely filed.

### V.    **Federal Question Jurisdiction**

9.     This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 (a).  This is because Plaintiff has alleged a violation of the FLSA and Title VII and has requested remedies under the FLSA and Title VII. Specifically, Plaintiff has alleged that Defendant's conduct violated: "the Fair Labor Standards Act of 1938, 29 U.S.C. § 206(d), as amended by the Equal Pay Act of 1963" and that Plaintiff "should be awarded all legal and equitable remedies, including underpaid wages, doubled compensatory awards for all willful violations and reasonable attorneys' fees under 29 U.S.C. § 216, *et seq*." [SAC at ¶¶ 86, 90]. Further, Plaintiff contends that Defendants violated: "Title VII of the Civil Rights Act 42 U.S.C. § 2000e, et seq." and that Plaintiff is "entitled to all remedies available for violations of Title VII, including an award of punitive damages… [and that] attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k)." [SAC at ¶¶ 93, 98].  Accordingly, from the face of the Complaint, it is evident

/ / /

DEFENDANTS NEWPORT AQUATIC CENTER AND WILLIAM WHITFORD, A.K.A. BILLY WHITFORD
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1331, 1441 AND 1446
FP 39466767.1

that Plaintiff is asserting that Defendants violated the FLSA and Title VII, both federal laws.

10.     Pursuant to 29 U.S.C. § 216 (b) a claim for a violation of FLSA or a request for remedies under the FLSA can be asserted in either state or federal court. However, as explained by the United States Supreme Court in *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693-699 (2003) if the action is brought in state court a defendant has the right to remove to federal court on the grounds that federal question jurisdiction exists.  The federal court must then retain jurisdiction and refuse to remand the case back to state court.  *Id.*  In *Breuer*, the United States Supreme Court explicitly rejected a plaintiff's argument that because 29 U.S.C. § 216 (b) authorized parties to file FLSA claims in state and federal court, if filed in state court, the FLSA claims are not subject to removal. *Id*. Additionally, Pursuant to 42 U.S.C § 2000e-5 (f)(3), Title VII claims can similarly be asserted in either state or federal district court.

VI.     **Supplemental Jurisdiction**

11.     This Court also has supplemental jurisdiction over Plaintiff's remaining state law claims. Here, any remaining claims are transactionally-related to the federal law issues present in this matter.  *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").   All of Plaintiff's claim surround her one-year tenure of employment at Defendant Newport Aquatic Center.

12.     Additionally, all of Plaintiff's claims arise from the same common nucleus of operative facts, i.e. her employment at Newport Aquatic Center, and therefore all of the claims should be tried together in one action.  *See Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990) ("Because [Plaintiff]'s state law claims derive from the same nucleus of operative fact as the

ERISA claim – her dismissal by Ruben & Co. – they are pendent to her ERISA claim.").

13.     Finally, considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising its jurisdiction over Plaintiff's entire SAC.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966) (noting that the justification for supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants").  Therefore, to the degree that this Court determines that it does not have original federal jurisdiction over any of Plaintiff's causes of action, this court should exercise its supplemental jurisdiction over such causes of action.

## VII.    **Notice to the Court and Parties**

14.     In accordance with 28 U.S.C. section 1446(d), Defendant will, promptly after filing the Notice of Removal, serve written notice thereof to all adverse parties and will file a copy of this Notice of Removal with the clerk of the Superior Court of California, County of Orange, from which this case was removed.  A copy of the Notice of Filing Petition for Removal with the state court and a copy of the Notice to Adverse Parties of Removal to Federal Court is attached hereto as **Exhibit A**.

## VIII.    **CONCLUSION**

Based on the foregoing, Defendants request that the above-described action pending in the Superior Court of California, County of Orange, be removed to this Court.

DATE:  December 30, 2020          FISHER & PHILLIPS LLP

By:  _/s/ Ryan D. Wheeler_
    MARK J. JACOBS
    RYAN D. WHEELER
    KYLEY S. CHELWICK
    Attorneys for Defendants, NEWPORT
    AQUATIC CENTER and WILLIAM
    WHITFORD, a.k.a. BILLY WHITFORD

DEFENDANTS NEWPORT AQUATIC CENTER AND WILLIAM WHITFORD, A.K.A. BILLY WHITFORD
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1331, 1441 AND 1446
FP 39466767.1

# EXHIBIT A

1    MARK J. JACOBS, SBN 208945
     Email: mjacobs@fisherphillips.com
2    RYAN D. WHEELER, SBN 268353
     Email: rwheeler@fisherphillips.com
3    KYLEY S. CHELWICK, SBN 328476
     Email: kchelwick@fisherphillips.com
4    FISHER & PHILLIPS LLP
     2050 Main Street, Suite 1000
5    Irvine, California 92614
     Telephone: (949) 851-2424
6    Facsimile: (949) 851-0152

7    Attorneys for Defendants
     NEWPORT AQUATIC CENTER and WILLIAM WHITFORD, a.k.a. BILLY WHITFORD
8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11          FOR THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

12

| | |
|---|---|
| 13  CRISTINA MORCOM, | CASE NO.:  30-2019-01076845-CU-WT-CJC *[Unlimited Jurisdiction]* |
| 14          Plaintiff, | |
| | *Assigned for all purposes to the Honorable Glenn R. Salter, Dept. C22* |
| 15     v. | |
| 16  NEWPORT AQUATIC CENTER, a California domestic non-profit benefit corporation; WILLIAM WHITFORD, a.k.a. BILLY WHITFORD, an individual; GARRETT PICKARD, an individual; and DOES 1 through 50, inclusive, | DEFENDANTS NEWPORT AQUATIC CENTER AND WILLIAM WHITFORD, a.k.a. BILLY WHITFORD'S NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL OF ACTION TO U.S. DISTRICT COURT |
| 17 | |
| 18 | |
| 19 | |
| 20          Defendants. | Complaint filed: June 14, 2019 First Amended Complaint filed: June 21, 2019 Second Amended Complaint filed: December 22, 2020 |
| 21 | |
| 22 | |
| 23 | Removal Filed: December 30, 2020 Superior Court Trial Date:  Feb. 8, 2021 |
| 24 | |

25

26

27

28

---

DEFENDANTS NEWPORT AQUATIC CENTER AND WILLIAM WHITFORD, A.K.A. BILLY
WHITFORD'S NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL OF ACTION TO
U.S. DISTRICT COURT

FP 39466897.1

1    Defendants NEWPORT AQUATIC CENTER AND WILLIAM WHITFORD, a.k.a.

2    BILLY WHITFORD (hereinafter, "Defendants"), pursuant to 28 U.S.C § 1446(d), hereby gives

3    notice that on December 30, 2020, Defendants filed a notice of removal of this action in U.S.

4    District Court for the Central District of California.

5    A copy of the notice of removal is attached hereto as **Exhibit 1**.

6    Such filing effects the removal of this action to such district court.

7    This Court now lacks jurisdiction over this action, and need take no further action unless

8    this action is remanded by the U.S. District Court.

9

10   DATE:  December 30, 2020                     FISHER & PHILLIPS LLP

11

12

13   By: _____
        MARK J. JACOBS
14      RYAN D. WHEELER
        KYLEY S. CHELWICK
15      Attorneys for Defendants
        NEWPORT AQUATIC CENTER and
16      WILLIAM WHITFORD, a.k.a. BILLY
        WHITFORD
17

18

19

20

21

22

23

24

25

26

27

28

1

DEFENDANTS NEWPORT AQUATIC CENTER AND WILLIAM WHITFORD, A.K.A. BILLY
WHITFORD'S NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL OF ACTION TO
U.S. DISTRICT COURT

FP 39466897.1

**PROOF OF SERVICE**
(CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On the below date, I served the foregoing document entitled DEFENDANTS NEWPORT AQUATIC CENTER AND WILLIAM WHITFORD, a.k.a. BILLY WHITFORD'S NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL OF ACTION TO U.S. DISTRICT COURT on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Kristopher P. Diulio, Esq.<br>kdiulio@forddiulio.com<br>Olivia Saladino Cannon, Esq.<br>ocannon@forddiulio.com<br>Ford & Diulio PC<br>650 Town Center Drive, Suite 760<br>Costa Mesa, CA 92626 | Attorneys for Plaintiff<br>CRISTINA MORCOM<br><br>Tel: 714-450-6830<br>Fax: 844-437-7201<br><br>**Also include the following when serving:<br>Brendan Ford, bford@forddiulio.com;<br>Kailey Ortiz, kortiz@forddiulio.com |
| Theresa M. Marchlewski, Esq.<br>Laila Rashid, Esq.<br>Jackson Lewis P.C.<br>725 S. Figueroa Street, Suite 2500<br>Los Angeles, CA 90017 | Attorneys for Defendant<br>GARRETT PICKARD<br><br>Tel: 213-689-0404<br>Fax: 213-689-0430<br>E: Theresa.marchlewski@jacksonlewis.com<br>E: Laila.Rashid@jacksonlewis.com |

☐ **[by OVERNIGHT DELIVERY]** I enclosed the document(s) in a sealed envelope or package addressed to each of the above-listed persons at their respective above-listed address(es), and placed the envelope(s) or package(s) for collection and shipment following our office's ordinary business practice for collection and processing of overnight delivery envelopes and packages for shipment.  Such practice is that, the same say overnight delivery envelopes and/or packages are placed for collection and shipment, they are deposited for collection and overnight delivery at an office, regularly used drop box, or other regularly used collection point of the overnight delivery carrier.

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed December 30, 2020, at Irvine, California.

Elizabeth R. Toller                              By: _____
_____
Print Name                                                      Signature

34112.0090

FP 39466897.1