# EXHIBIT 1

# Superior Court of California
## County of Orange



---

Case Number : 30-2019-01076845-CU-WT-CJC

Copy Request: 4184058

Request Type: Case Documents

Prepared for: cns

Number of documents: 1

Number of pages: 22

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**06/14/2019** at 01:01:42 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1  Paul J. Barba      (CSBN 059109)
2  Laurie D. Rau      (CSBN 183035)
   partners@employeeadvantagegroup.com
3  **LAW OFFICE OF PAUL J. BARBA**
   17291 Irvine Blvd. Suite 395
   Tustin, California 92780
4  Tel: (714) 832-8071
   Fax: (714) 832-0582
5
6  Attorneys for Plaintiff
   CRISTINA MORCOM

7       **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8       **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

9                                                       Judge Glenn Salter

10  CRISTINA MORCOM, an individual,        )   **Case No.:** 30-2019-01076845-CU-WT-CJC
                                           )                              C-22
11         Plaintiff,                      )   **COMPLAINT FOR:**
                                           )
12     vs.                                 )   (1) SEXUAL DISCRIMINATION AND
                                           )       SEXUAL HARASSMENT
13  NEWPORT AQUATIC CENTER, a California   )
    domestic non-profit benefit corporation; )  (2) DISCRIMINATION
14  WILLIAM WHITFORD, a.k.a. BILLY         )
    WHITFORD, an individual; GARRETT       )   (3) FAILURE TO TAKE ALL REASONABLE
15  PICKARD, an individual; and DOES 1 through )     STEPS TO PREVENT SEXUAL
    50, inclusive,                         )       HARASSMENT
16                                         )
           Defendants.                     )   (4) CONSTRUCTIVE WRONGFUL
17                                         )       TERMINATION IN VIOLATION OF
                                           )       PUBLIC POLICY
18                                         )
                                           )   (5) INTENTIONAL INFLICTION OF
19                                         )       EMOTIONAL DISTRESS
                                           )
20                                         )   (6) INTRUSION INTO PRIVATE AFFAIRS
                                           )
21                                         )   (7) WHISTLEBLOWER RETALIATION
                                           )
22                                         )   (8) DEFAMATION
                                           )
23                                         )
                                           )   **DEMAND FOR TRIAL BY JURY**
24                                         )

25    Plaintiff CRISTINA MORCOM ("MORCOM") alleges:

26                          **THE PARTIES**

27
        1.    At all times mentioned herein, MORCOM was an individual residing in Orange
28
    County, California.

                                    1
                               **COMPLAINT**

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

2.      Defendant NEWPORT AQUATIC CENTER ("NAC") is and, at all times

mentioned herein, was a California domestic non-profit corporation conducting business in the

County of Orange, State of California.  At all times mentioned herein, NAC'S principal place of

business is 1 Whitecliffs Drive, Newport Beach California.

3.      Defendant WILLIAM WHITFORD a.k.a BILLY WHITFORD ("WHITFORD")

is an individual and, at all times mentioned herein, was a resident of Orange County, State

California.  At all times mentioned herein WHITFORD was and is the Executive Director for

NAC.

4.      Defendant GARRETT PICKARD ("PICKARD") is an individual and, at all times

mentioned herein, was a resident of Orange County, State California.  At all times mentioned

herein PICKARD was and is a girls Junior Rowing Coach for NAC.

5.      The following paragraphs of this Complaint are alleged on information and belief

whether or not so designated.  From time to time as alleged herein NAC, WHITFORD,

PICKARD and DOES 1 through 50 are collectively referred to as "Defendants."

6.      MORCOM is ignorant of the identities of defendants DOES 1 through 50,

inclusive, and therefore sues these defendants by such fictitious names. The DOE defendants

may be individuals, partnerships, or corporations.  MORCOM is informed and believes, and

thereon alleges that at all times mentioned herein, each of the DOE defendants was the parent,

subsidiary, agent, servant, employee, co-venturer, and/or co-conspirator of each of the other

defendants and was at all times mentioned, acting within the scope, purpose, consent,

knowledge, ratification and authorization of such agency, employment, joint venture and

conspiracy. MORCOM will amend this Complaint to allege their true names and capacities when

the same is ascertained. MORCOM is informed and believes and thereon alleges that each of the

fictitiously named DOE defendants is responsible in some manner for the occurrences alleged

herein, and that MORCOM'S damages as alleged herein was proximately caused by their

conduct.

7.      MORCOM is informed and believes and thereon alleges that WHITFORD and

2
**COMPLAINT**

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

1   DOES 1 through 20 are, and at all times mentioned herein, were, the alter egos of NAC and each

2   of them were a mere shell, instrumentality and conduit through which WHITFORD and DOES 1

3   through 20, carried on their business and that there exists and, at all times alleged herein, has

4   existed a unity of interest and ownership between such Defendants such that any separateness

5   has ceased to exist, in that WHITFORD and DOES 1 through 20, have and continue to use the

6   assets of NAC for their own personal benefit and have caused assets of NAC to be transferred to

7   them without adequate consideration. WHITFORD and DOES 1 through 20, operated NAC

8   without appropriate meetings, failed to keep adequate records of NAC financial activities, and

9   WHITFORD and DOES 1 through 20 have entered into personal transactions with NAC and

10  completely controlled, dominated, managed and operated NAC and intermingled NAC'S assets

11  with their own to suit their own convenience and benefit. All of the acts alleged herein were

12  done with consent, knowledge, ratification and authorization of each of the other Defendants.

13      8.      NAC and WHITFORD were at all times mentioned herein, (a) conducting

14  business in the County of Orange, State of California, and (b) the employer of MORCOM

15  consistent with the California Labor Code and Industrial Welfare Commission Wage Orders

16  ("Wage Orders"). MORCOM further alleges that NAC and WHITFORD, directly or indirectly

17  controlled or effected the working conditions, wages, working hours, and conditions of

18  employment of MORCOM so as to make each of said Defendants the employers of MORCOM

19  and liable under the statutory provisions set forth herein.

20      9.      MORCOM has exhausted all required administrative remedies, including filing of

21  a complaint with the Department of Fair Employment and Housing. A Right to Sue notice was

22  issued by the Department of Fair Employment and Housing as against the defendants herein on

23  or about October 5, 2018 (A true and correct copy of the Right to Sue notice is attached hereto

24  and incorporated herein by this reference as **Exhibit "A"**).

25                          **OPERATIVE FACTS**

26      10.     By way of background, NAC was incorporated in or around March of 1982 in

27  Newport Beach, California and was later approved as a non-profit public benefit corporation

28

3

**COMPLAINT**

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

offering the public opportunities in the Olympic-style water sports of rowing, canoeing, and kayaking competition. NAC'S Mission Statement provides that it is "an extraordinary community resource whose mission is to teach and inspire athletes of all ages, abilities and backgrounds by fostering a passion for Olympic style rowing, kayaking, canoeing and related marine activities..." As a tax-exempt organization under § 501(c)(3) of the Internal Revenue Code, NAC must be organized and operated exclusively for the exempt purposes set forth in § 501(c)(3), and none of its earnings may inure to the benefit of any private shareholder or individual. NAC must not be organized or operated for the benefit of any private interests, and no part of NAC'S net earnings may inure to the benefit of any private shareholder or individual.

11. Through the years following its creation, NAC achieved success in local, regional and national regattas. As its reputation for Junior Rowing Olympic style program grew, NAC realized a marked increase in donations and income to where NAC now receives approximately $2,000,000.00 in revenue per year.

12. On or about June 15, 2017, MORCOM began her employment at NAC as the Head Varsity Girls Rowing Coach. MORCOM'S employment with NAC was memorialized in a written employment agreement, which included among other terms that her compensation at a rate of $1,923.07 biweekly, or approximately $50,000.00 a year. (A true and correct copy the MORCOM'S employment agreement and related documents are attached hereto and incorporated herein as **Exhibit "B"**). WHITFORD in his position as Executive Director for NAC was a supervisor of MORCOM.

13. From the first day of MORCOM'S employment, WHITFORD engaged in a continuous, severe, and pervasive campaign of sexual harassment and hostile environment towards MORCOM that WHITFORD knew at all times was not consented until July 20, 2018. For example, on the first day WHITFORD pull MORCOM aside to have a "private talk, eye to eye" about the motives of the Boys Junior Rowing coach, Nick D'Antoni, and Junior Rowing Program Director, Pat Rolfes, who report to WHITFORD. WHITFORD attempted to convince MORCOM to abandon the then current chain of command and to go

directly to him. WHITFORD told Morcom that if she "ever needed anything, to go directly to him" because he would be there for MORCOM and fight her battles for her. When MORCOM told WHITFORD she would follow the chain of command as constructed WHITFORD became upset and engaged in a pattern of retaliation against MORCOM and manufactured false allegations to be used as a basis to terminate MORCOM as set forth more fully below. Moreover, WHITFORD would leer at MORCOM, would follow MORCOM around NAC and at races, would eerily watching every move she made. At a regatta, WHITFORD came up to MORCOM and he said, "Cristina I don't hate you I love you". Later after the regatta, WHITFORD pulled MORCOM into his office so they could be alone and said, "if you need anything at all, a place to stay, money, anything, you let me know".

14.    MORCOM rejected all of WHITFORD'S advances. In response, WHITFORD retaliated against MORCOM by, among other things, the following:

(a)    Falsely alleging that MORCOM was drinking alcohol with one of her athletes at a private party. WHITFORD, after falsely accusing MORCOM, contacted Newport Harbor High School about MORCOM'S conduct and requested NAC'S board to hold an emergency meeting;

(b)    Falsely alleging MORCOM was misusing donated equipment and calling MORCOM into a meeting with Junior Rowing donor, Fane Smith, Bill Grant (President and Chairman of the Board of Directors for NAC) Rolfes, Jim Netzer (Facility Committee Chair of NAC and a director sitting on the Board of Directors for NAC) and Garrett Pickard (at the time the Novice Girls Junior Rowing Coach);

(c)    Threatening MORCOM that if she did not "shape up there would be more problems coming my [her] way", and

(d)    Falsely alleging MOROCM of using foul language with the kids at a NAC camp.

MORCOM informed the Board of Directors of NAC multiple times about

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

WHITFORD'S continuous, severe, and pervasive campaign of sexual harassment, retaliation and hostile environment towards MORCOM. Unfortunately, despite MORCOM'S repeated complaints and requests for help, NAC'S Board did nothing.

## FIRST CAUSE OF ACTION

### (SEXUAL DISCRIMINATION AND SEXUAL HARASSMENT AGAINST WHITFORD, NAC AND DOE DEFENDANTS 1 THROUGH 10)

15. MORCOM incorporates herein by reference each and every allegation contained in Paragraphs 1 through 14, inclusive, of the Complaint, as though set forth in full.

16. MORCOM has exhausted her administrative remedies under the California Fair Employment and Housing Act. As set forth herein, the Department of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter, allowing the MORCOM to sue WHITFORD and NAC.

17. This cause of action is based upon:

(a) Article I Section VIII of the California Constitution which prohibits the harassment of employees based upon their sex;

(b) California Government Code § 12940, which prohibits supervisors and employers from harassing, an employee on the basis of their sex and sexually harassing an employee;

(c) 2 California Code of Regulations §§ 7287.6, 7287.8, and 7291.1(f)(1), which makes unwelcome sexual advances, sexual battery, and sexual favors which condition employment benefits unlawful;

(d) California Government Code § 12940(1) which prohibits employees from harassing their subordinates on the basis of the subordinates' sex including sexually harassing a subordinate;

(e) 2 California Code of Regulations § 7290.6(b) which states "employment benefit" specifically includes "provision of a discrimination free workplace" (2 C.C.R.

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

1   §7286.5(f)), which in turn is defined as "provision of a workplace free of harassment" 2

2   C.C.R. §7286.5(f)(3);

3        (f)   California Government Code § 12940(h)(1), which imposes strict employer

4   liability for harassment by a supervisory employee. "[A]n employer is strictly liable for all

5   acts of sexual harassment by a supervisor." *State Dep't of Health Servs. v. Superior Court*

6   (2003) 31 Cal.4th 1026,1042;

7        (g)   California Government Code § 12940(h) which prohibits employers from

8   discharging or otherwise discriminating against a person because the person has opposed

9   any practices forbidden under California Government Code § 12940.

10       18.   As alleged herein, MORCOM was subjected to a sexually hostile and abusive

11  work environment with a quid pro quo nature during her employment, for which NAC, is

12  liable because it knew of or should have known of the sexually harassing work environment,

13  and did nothing to remediate, repudiate, discipline, prevent further harassment, provide a

14  work environment free of sexual harassment, or to stop the harassment. NAC discriminated

15  against MORCOM due to her sex by constructively wrongfully terminating MORCOM for

16  refusing to submit to, and not being able to work in a hostile and sexually harassing work

17  environment and for complaining about sexual harassment.  By failing to stop the

18  harassment and by failure to act, NAC ratified WHITFORD'S harassing conduct and

19  discriminated against MORCOM because she is a woman by constructively wrongfully

20  terminating MORCOM for complaining of and for not being able to put up with and submit

21  to sexual harassment, and NAC'S refusing to remediate such harassment.

22       19.   In a clear and concise fashion, the MORCOM made it known to NAC she was

23  being sexually harassed as is described herein when MORCOM complained of the

24  harassment to NAC's Board of Directors.  NAC violated the FEHA, and ratified the

25  WHITFORD'S conduct because they were MORCOM'S supervisors.  NAC failed to abide

26  by its duties under said Code, by failing to take prompt and remedial measures to end the

27  sexual harassment, to prevent further harassment and failing to discipline and terminate

28
                                    7
                                 **COMPLAINT**

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

1    WHITFORD, and failing to adequately investigate MORCOM'S charges of sexual

2    harassment, and by failing to provide MORCOM with a harassment free work environment.

3    Among other things, WHITFORD should have been disciplined, and terminated.

4         20.    MORCOM alleges that NAC is liable for sexual harassment by allowing

5    WHITFORD to condition MORCOM'S employment based upon her willingness to tolerate

6    his sexual harassment and because she was a woman.  Basically, if MORCOM wanted to

7    work at NAC, she was expected to put up with WHITFORD'S sexual harassment.  The

8    conduct of NAC, as alleged herein, was based on the fact that MORCOM is a woman.

9    MORCOM alleges that she was expected to give in and endure the harassment because she

10   is a woman.  MORCOM alleges that she would not have been discriminated against and

11   constructively terminated if she were not a woman.

12        21.    This Cause of Action is also against NAC under the California Government

13   Code § 12940 which prohibits an employer from constructively  and wrongfully terminating

14   MORCOM, or to discriminate against MORCOM in compensation, terms, conditions, or

15   privileges of employment, or force MORCOM to quit, and do any of these things to

16   MORCOM on the basis of her sex and because of her complaints she was being subjected to

17   such wrongful conduct that violates the California Government Code § 12940.

18        22.    After her complaints to NAC, about sexual harassment, NAC discriminated

19   against MORCOM because she is a woman by constructively and wrongfully terminating

20   Plaintiffs employment as alleged herein.

21        23.    As a direct, foreseeable, and proximate result of the conduct of NAC and

22   WHITFORD, and each of them, the MORCOM has suffered, and continues to suffer

23   emotional distress, as well as other financial losses to be ascertain according to proof at the

24   time of trial, but in excess of the jurisdictional minimum of this Court.

25        24.    The grossly reckless, and/or intentional, malicious, and bad faith manner in which

26   WHITFORD and NAC, and each of them, engaged in the acts as alleged herein, by willfully

27   violating those statutes enumerated in this cause of action and sexually harassing MORCOM,

28

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

1  and discriminating against the MORCOM in violation of the law because of her sex,

2  MOPRCOM is entitled to punitive damages against WHITFORD and NAC.

3      25.    MORCOM is informed, believes, and based thereon, alleges that the outrageous

4  conduct of NAC and WHITFORD as described herein were done with oppression and malice by

5  the MORCOM'S supervisor and managers and were ratified by those other individuals who were

6  managing agents of NAC. These unlawful acts were further ratified by the NAC and done with a

7  conscious disregard for MORCOM'S rights and with the intent, design and purpose of injuring

8  the MORCOM.  By reason thereof, the MORCOM is entitled to punitive or exemplary damages

9  against NAC and WHITFORD, and each of them, for their acts as described in this cause of

10  action in an amount according to proof at the time of trial but in excess of the jurisdictional of

11  minimum this Court.

## SECOND CAUSE OF ACTION

### (DISCRIMINATION AGAINST NAC AND DOE DEFENDANTS 1 THROUGH 10)

    26.    MORCOM incorporates herein by reference each and every allegation contained in Paragraphs 1 through 25, inclusive, of the Complaint, as though set forth in full.

    27.    The Section 8 of Article 1 of the California Constitution states, "A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex..." *Merrell v. All Seasons Resorts, Inc.* (C.D.Cal.1989) 720 F.Supp. 815, 819; *Badih* v. *Myers* (App. 1 Dist 1995) 36 Cal.App.4th 1289.

    28.    NAC violated the Section 8 of Article 1 of the California Constitution by disqualifying MORCOM from pursuing her employment because of her sex.

    29.    WHITFORD'S sexually harassing conduct is assumed by NAC because WHITFORD was a supervisor for NAC and is MORCOM'S supervisor.

    30.    NAC discriminated against MORCOM, by causing her to resign because of the sexually harassing conduct as alleged herein, because she is a woman.

    31.    MORCOM informed NAC'S Board of Directors that she had no choice but to

9

**COMPLAINT**

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

1   resign because she could not tolerate sexual harassment by WHITFORD.

2       32.     MORCOM alleges that NAC is liable for the acts of WHITFORD because he

3   was MORCOM'S supervisor, with the authority to implement the law and make policy for

4   NAC. Accordingly, NAC is strictly liable for WHITFORD'S sexual harassment because he

5   was MORCOM'S supervisor.

6       33.     MORCOM alleges that the wrongful conduct as alleged herein was taken

7   towards MORCOM because she is a woman. MORCOM alleges that she would not have

8   been discriminated against and constructively wrongfully terminated if she were not a

9   woman.

10      34.     As alleged herein, MORCOM was subjected to a sexually hostile and abusive

11  work environment with a quid pro quo nature during her employment, for which NAC is

12  liable for because NAC was knew of the environment, yet NAC did nothing to stop the

13  environment, and stop WHITFORD from harassing MORCOM, and failed to prevent

14  further harassment after notice, and discriminated against MORCOM due to her sex by

15  constructively terminating MORCOM for refusing to submit to and complaining about

16  sexual harassment. By failing to stop the harassment and by failure to act, NAC ratified the

17  wrongful conduct of WHITFORD against MORCOM because she is a woman by

18  constructively terminating Plaintiff for complaining of sexual harassment.

19      35.     As a direct, foreseeable, and proximate result of the conduct of NAC,

20  MORCOM has suffered, and continues to suffer emotional distress, as well as other

21  financial losses to be ascertain according to proof at the time of trial, but in excess of the

22  jurisdictional minimum of this Court.

23      36.     MORCOM is informed, believes, and based thereon, alleges that the

24  outrageous conduct of NAC, as described herein, was done with oppression and malice by

25  the MORCOM'S supervisors and were ratified by NAC. These unlawful acts were ratified

26  by the NAC and done with a conscious disregard for MORCOM'S rights and with the

27  intent, design and purpose of injuring the MORCOM. By reason thereof, the MORCOM is

28

10

**COMPLAINT**

entitled to punitive or exemplary damages against NAC the acts as described herein in an amount according to proof at the time of trial, but in excess of the jurisdictional of minimum this Court.

## THIRD CAUSE OF ACTION

## (FAILURE TO PREVENT SEXUAL HARASSMENT AGAINST NAC AND DOE DEFENDANTS 1 THROUGH 10)

37.    MORCOM incorporates herein by reference each and every allegation contained in Paragraphs 1 through 36, inclusive, of the Complaint, as though set forth in full.

38.    At all times mentioned, FEHA, Cal. Gov't Code § 12900. Et seq., was in full force and effect and was fully binding upon NAC. Specifically, Cal. Gov't Code § 12940(k) makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent sexual harassment from occurring.

39.    As described herein, not only was the harassing conduct perpetrated by a supervisor and managing agent of NAC, but other supervisors /managers were aware of and/or had actually witnessed the harassing conduct. Despite this knowledge, NAC failed to take any action. NAC failed to adequately investigate WHITFORD'S behavior, failed to take all reasonable steps to prevent him from harassing MORCOM and did not investigate or discipline him in response to MORCOM'S complaints. As such, NAC failed to take all reasonable steps necessary to prevent harassment from occurring in violation of Cal. Gov't Code § 12940(k).

40.    As direct, foreseeable and proximate result of the NAC'S wrongful conduct, MORCOM has suffered and continues to suffer losses in earnings, equity and other employments benefits and incurred other economic losses and damages in an amount according to proof at the time of trial, but in excess of the jurisdictional of minimum this Court.

41.    As direct, foreseeable and proximate result of the NAC'S wrongful conduct,

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

MORCOM has suffered and continues to suffer substantial emotion distress, humiliation,
shame, and embarrassment, all to MORCOM'S damage in an amount according to proof at
the time of trial, but in excess of the jurisdictional of minimum this Court.

42.     MORCOM is informed, believes, and based thereon, alleges that the
outrageous conduct of NAC, as described herein, was done with oppression and malice by
the MORCOM'S supervisors and were ratified by NAC.  These unlawful acts were ratified
by the NAC and done with a conscious disregard for MORCOM'S rights and with the
intent, design and purpose of injuring the MORCOM.  By reason thereof, the MORCOM is
entitled to punitive or exemplary damages against NAC the acts as described herein in an
amount according to proof at the time of trial, but in excess of the jurisdictional of minimum
this Court.

## FOURTH CAUSE OF ACTION

### (CONSTRUCTIVE WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST NAC AND DOE DEFENDANTS 1 THROUGH 10)

43.     MORCOM incorporates herein by reference each and every allegation
contained in Paragraphs 1 through 42, inclusive, of the Complaint, as though set forth in
full.

44.     Under California law, no employee, whether they are an at-will employee, or
an employee under a written or other employment contract, can be terminated for a reason
that is in violation of a fundamental public policy, or because they report behavior of their
employer that they reasonably believe constitutes suspicious or illegal conduct. In recent
years, the California Court has interpreted a fundamental public policy to be any articulable
constitutional, statutory provision, or regulation that is concerned with a matter effecting
society at large rather than a purely personal or proprietary interest of the employee or the
employer. Moreover, the public policy must be fundamental, substantial, and well
established at the time of discharge.

45.     MORCOM is informed, believes, and based thereon, alleges that NAC

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

1   constructively wrongfully terminated MORCOM'S employment in violation of public

2   policy by causing MORCOM to have no choice but to resign when NAC had WHITFORD

3   continue to work with MORCOM and continue harassing her and NAC retaliated against

4   MORCOM, by failing to assure that MORCOM would have a sexual harassment free work

5   environment after complaining of sexual harassment. NAC knowing of the harassment of

6   MORCOM failed to investigate, failed to take remedial measures and failed to prevent

7   further harassment and retaliation leaving MORCOM with no choice but to resign. By

8   constructively wrongfully terminating MORCOM for complaining of harassment NAC

9   violated the following public policies affecting society at large for the following reasons:

10  (a)     Article I Section VIII of the California Constitution which prohibits the

11  harassment of employees based upon their sex;

12  (b)     California Government Code § 12940 which prohibits supervisors and

13  employers from harassing, an employee on the basis of their sex and sexually

14  harassing an employee;

15  (c)     2 California Code of Regulations §§ 7287.6, 7287.8, and 7291.1(f)(1) which

16  makes unwelcome sexual advances, sexual battery, and sexual favors which

17  condition employment benefits unlawful;

18  (d)     California Government Code § 12940(j)(l) which prohibits employees from

19  harassing their subordinates on the basis of the subordinates' sex including

20  sexually harassing a subordinate;

21  (e)     2 California Code of Regulations § 7290.6(b) which states

22  "employment benefit" specifically includes "provision of a discrimination-

23  free workplace" (2 C.C.R. §7286.5(f)), which in turn is defined as "provision of

24  a workplace free of harassment" 2 C.C.R. §7286.5(f)(3);

25  (f)     California Government Code § 12940(h)(1) which imposes strict employer

26  liability for harassment by a supervisory employee. "[A]n employer is strictly liable

27  for all acts of sexual harassment by a supervisor." *State Dep't of Health*

28

(g)    California Government Code § 12940(h) which prohibits employers from discharging or otherwise discriminating against a person because the person has opposed any practices forbidden under California Government Code § 12940;

(h)    Penal Code § 240, which makes assault unlawful;

(i)    Penal Code § 241(a), which makes assault punishable by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding six months, or by both the fine and imprisonment;

(j)    Penal Code and § 242, which makes battery unlawful;

(k)    Penal Code § 243 (a), which makes battery punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail not exceeding six months, or by both that fine and imprisonment;

(l)    All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by retaliating, harassing, discriminating against the MORCOM and constructively wrongfully terminating MORCOM.

46.    As a direct, foreseeable, and proximate result of the actions of NAC as described in this cause of action, MORCOM has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from NAC, plus expenses incurred in obtaining substitute employment, as well as financial losses, all to the MORCOM'S damage, in an amount according to proof at the time of trial, but in excess of the jurisdictional minimum of this Court.

47.    MORCOM is informed, believes, and based thereon, alleges that the outrageous conduct of NAC, as described herein, was done with oppression and malice by

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

1   the MORCOM'S supervisors and were ratified by NAC. These unlawful acts were ratified

2   by the NAC and done with a conscious disregard for MORCOM'S rights and with the

3   intent, design and purpose of injuring the MORCOM. By reason thereof, the MORCOM is

4   entitled to punitive or exemplary damages against NAC the acts as described herein in an

5   amount according to proof at the time of trial, but in excess of the jurisdictional of minimum

6   this Court.

## FIFTH CAUSE OF ACTION

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST
## WHITFORD, NAC AND DOE DEFENDANTS 1 THROUGH 10)

48.    MORCOM incorporates herein by reference each and every allegation

contained in Paragraphs 1 through 47, inclusive, of the Complaint, as though set forth in

full.

49.    The conduct of WHITFORD and NAC as set forth herein was so extreme and

outrageous that it exceeded the boundaries of human decency and was beyond the type of

conduct tolerated in a civilized society. This conduct was intended to cause severe

emotional distress or was done in reckless disregard of the probability of causing severe

emotional distress.

50.    As an actual and proximate result of WHITFORD'S and NAC'S wrongful,

MORCOM has suffered and continues to suffer severe and continuous humiliation,

emotional distress, and physical and mental pain and anguish, all to her damage in an

amount according to proof at the time of trial, but in excess of the jurisdictional minimum of

this Court.

51.    WHITFORD and NAC committed the acts alleged herein maliciously,

fraudulently, and oppressively, with the wrongful intention of injuring MOROCM, and

acted with an improper and evil motive amounting to malice and in conscious disregard of

MORCOM'S rights. Because the acts taken toward MORCOM were carried out by

WHITFORD and NAC acting in a deliberate, cold, callous, and intentional manner in order

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

1    to injure and damage MORCOM, she is entitled to recover punitive damages from

2    WHITFORD and NAC in an amount according to proof at the time of trial, but in excess of

3    the jurisdictional minimum of this Court.

### SIXTH CAUSE OF ACTION

### (UNLAWFUL INTRUSION INTO PRIVATE AFFAIRS AGAINST PICKFORD,

### NAC AND DOE DEFENDANTS 1 THROUGH 10)

7    52.    MORCOM incorporates herein by reference each and every allegation

8    contained in Paragraphs 1 through 51, inclusive, of the Complaint, as though set forth in

9    full.

10   53.    PICKFORD AND NAC violated MORCOM'S right to privacy on or about

11   when, in November of 2018, MORCOM discovered that PICKARD, acting at the direct and

12   with the consent of NAC, hacked into and accessed MORCOM'S private emails and to use

13   the information gathered therefrom against MORCOM in retaliation against her for her

14   complaints against WHITFORD as alleged herein.

15   54.    At all relevant times, MORCOM had a reasonable expectation of privacy to

16   her emails. PICKFORD intentionally intruded into MORCOM'S private affairs when he

17   hacked into and accessed MORCOM'S emails and using the information gathered therefrom

18   against MORCOM in retaliation against her for her complaints against WHITFORD as

19   alleged herein.

20   55.    PICKFORD intentional intrusion into MORCOM'S private affairs would be

21   highly offensive to a reasonable person in MORCOM position as he hacked into and

22   accessed MORCOM'S emails and using the information gathered therefrom against

23   MORCOM in retaliation against her for her complaints against WHITFORD as alleged

24   herein.

25   56.    Upon information and belief, PICKFORD'S wrongful conduct was a

26   substantial factor in causing MORCOM'S harm and damages, including but not limited to,

27   injury to MORCOM'S occupation and reputation in an amount according to proof at the

28

1  time of trial, but in excess of the jurisdictional minimum of this Court.

2      57.    In doing the acts herein alleged, PICKFORD acted fraudulently, willfully,

3  maliciously, oppressively, and with intentional disregard of MORCOM'S interests, and

4  subjected MORCOM to unjust hardship. As a result of this conduct, MORCOM is entitled

5  to punitive damages in an amount according to proof at the time of trial, but in excess of the

6  jurisdictional minimum of this Court.

7                    **SEVENTH CAUSE OF ACTION**

8  **(WHISTLEBLOWER RETALIATION AGAINST NAC AND DOE DEFENDANTS 1**

9                        **THROUGH 10)**

10     58.    MORCOM incorporates herein by reference each and every allegation

11  contained in Paragraphs 1 through 57, inclusive, of the Complaint, as though set forth in

12  full.

13     59.    Beginning on June 15, 2017, through the remainder of MORCOM'S

14  employment at NAC, MORCOM was subjected to a systematic and malicious campaign of

15  retaliation for her disclosure of and resistance and objection to WHITFORD'S harassment

16  and discrimination toward MORCOM.  MORCOM'S conduct in disclosing, resisting and

17  objecting to WHITFORD'S wrongful conduct as alleged herein was protected activity

18  pursuant to Government Code § 12940 et seq.  MORCOM'S refusal to engage, consent, or

19  otherwise acquiesce to the wrongful conduct and illegal activity, as alleged herein, is and

20  was a protected activity pursuant to Labor Code § 1102.5.

21     60.    MORCOM was threatened, intimidated and harassed and suffered adverse

22  economic consequences, subjected to a hostile work environment and wrongfully discharged

23  after engaging in a protected whistleblower activity and refusing to permit such activity to

24  continue.

25     61.    As proximate result of the retaliation as alleged herein, MORCOM has

26  suffered emotional distress and economic loss in an amount according to proof at the time of

27  trial, but in excess of the jurisdictional minimum of this Court.

28

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

17
**COMPLAINT**

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

1   62.   By virtue of the wrongful and illegal acts as alleged herein, MORCOM has

2   been prevented from attending his usual occupation and thereby has suffered lost earnings in

3   an amount according to proof at the time of trial but in excess of the jurisdictional minimum

4   of this Court.

5   63.   MORCOM alleges, that the aforementioned acts of NAC were willful and

6   malicious in that wrongful and illegal acts were committed with the intent to injure

7   MORCOM and to destroy MORCOM'S reputation with conscious disregard for

8   MORCOM'S rights, thereby warranting an award of punitive damages in an amount

9   appropriate to punish NAC and to deter NAC and others from engaging in similar

10   misconduct in the future.

11   **EIGHTH CAUSE OF ACTION**

12   **(DEFAMATION AGAINST WHITFORD)**

13   64.   MORCOM incorporates herein by reference each and every allegation contained

14   in Paragraphs 1 through 63, inclusive, of the Complaint, as though set forth in full.

15   65.   WHITFORD caused to be published false and unprivileged communications

16   tending directly to injure MORCOM in her business and professional reputation as alleged

17   herein.

18   66.   More specifically, WHITFORD engaged in a campaign of making public false

19   and defamatory statements against MORCOM that she was drinking alcohol with her athletes,

20   who were minors.  WHITFORD made the false and defamatory statements public in an effort to

21   destroy MORCOM'S reputation and to force her out as the Varsity Girl's Junior Rowing Coach.

22   67.   As a proximate result of the defamatory statements made by WHITFORD, as

23   alleged herein, MORCOM has suffered injury to her professional reputation, and further has

24   suffered and continues to suffer embarrassment, humiliation, and anguish, all to her damage in

25   an amount according to proof.

26   68.   WHITFORD committed the acts alleged herein maliciously, fraudulently, and

27   oppressively, with the wrongful intention of injuring MORCOM, and acted with an improper and

28

**COMPLAINT**

1  evil motive amounting to malice and in conscious disregard of MORCOM'S rights. Because the

2  acts taken toward MORCOM were carried out by WHITFORD acting in a deliberate, cold,

3  callous, and intentional manner in order to injure and damage MORCOM, she is entitled to

4  recover punitive damages from WHITFORD in an amount according to proof.

**PRAYER FOR RELIEF**

6  WHEREFORE, MORCOM prays for judgment as follows:

**FOR THE FIRST CAUSE OF ACTION**

8  (1)  For compensatory damages in an amount according to proof at the time of trial;

9  (2)  For consequential damages in the amount according to proof at the time of trial;

10  (3)  For punitive damages in an amount according to proof at the time of trial;

11  (4)  For pre-judgment and post-judgment interest as provided by law;

12  (5)  For cost of suit incurred herein in an amount according to proof at the time of

13  trial;

14  (6)  For reasonable attorney's fees in an amount according to proof at the time of trial;

15  and

16  (7)  For such other and further relief as the Court deems just and proper.

**FOR THE SECOND CAUSE OF ACTION**

18  (1)  For compensatory damages in an amount according to proof at the time of trial;

19  (2)  For consequential damages in an amount according to proof at the time of trial;

20  (3)  For punitive damages in an amount according to proof at the time of trial;

21  (4)  For pre-judgment and post-judgment interest as provided by law;

22  (5)  For cost of suit incurred herein in an amount according to proof at the time of

23  trial;

24  (6)  For reasonable attorney's fees in an amount according to proof at the time of trial;

25  and

26  (7)  For such other and further relief as the Court deems just and proper.

27

28

**FOR THE THIRD CAUSE OF ACTION**

(1)    For compensatory damages in an amount according to proof at the time of trial;

(2)    For consequential damages in an amount according to proof at the time of trial;

(3)    For punitive damages in an amount according to proof at the time of trial;

(4)    For pre-judgment and post-judgment interest as provided by law;

(5)    For cost of suit incurred herein in an amount according to proof at the time of trial;

(6)    For reasonable attorney's fees in an amount according to proof at the time of trial; and

(7)    For such other and further relief as the Court deems just and proper

**FOR THE FOURTH CAUSE OF ACTION**

(1)    For compensatory damages in an amount according to proof at the time of trial;

(2)    For consequential damages in an amount according to proof at the time of trial;

(3)    For punitive damages in an amount according to proof at the time of trial;

(4)    For pre-judgment and post-judgment interest as provided by law;

(5)    For cost of suit incurred herein in an amount according to proof at the time of trial;

(6)    For reasonable attorney's fees in an amount according to proof at the time of trial; and

(7)    For such other and further relief as the Court deems just and proper.

**FOR THE FIFTH CAUSE OF ACTION**

(1)    For compensatory damages in an amount according to proof at the time of trial;

(2)    For consequential damages in an amount according to proof at the time of trial;

(3)    For punitive damages in an amount according to proof at the time of trial;

(4)    For pre-judgment and post-judgment interest as provided by law;

(5)    For cost of suit incurred herein in an amount according to proof at the time of trial;

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

(6)     For reasonable attorney's fees in an amount according to proof at the time of trial; and

(7)     For such other and further relief as the Court deems just and proper

**FOR THE SIXTH CAUSE OF ACTION**

(1)     For compensatory damages in an amount according to proof at the time of trial;

(2)     For consequential damages in an amount according to proof at the time of trial;

(3)     For punitive damages in an amount according to proof at the time of trial;

(4)     For pre-judgment and post-judgment interest as provided by law;

(5)     For cost of suit incurred herein in an amount according to proof at the time of trial;

(6)     For reasonable attorney's fees in an amount according to proof at the time of trial; and

(7)     For such other and further relief as the Court deems just and proper

**FOR THE SEVENTH CAUSE OF ACTION**

(1)     For compensatory damages in an amount according to proof at the time of trial;

(2)     For consequential damages in an amount according to proof at the time of trial;

(3)     For punitive damages in an amount according to proof at the time of trial;

(4)     For pre-judgment and post-judgment interest as provided by law;

(5)     For cost of suit incurred herein in an amount according to proof at the time of trial;

(6)     For reasonable attorney's fees in an amount according to proof at the time of trial; and

(7)     For such other and further relief as the Court deems just and proper

**FOR THE EIGHTH SEVENTH CAUSE OF ACTION**

(1)     For compensatory damages in an amount according to proof at the time of trial;

(2)     For consequential damages in an amount according to proof at the time of trial;

(3)     For punitive damages in an amount according to proof at the time of trial;

1     (4)    For pre-judgment and post-judgment interest as provided by law;

2     (5)    For cost of suit incurred herein in an amount according to proof at the time of

3              trial;

4     (6)    For reasonable attorney's fees in an amount according to proof at the time of trial;

5              and

6     (7)    For such other and further relief as the Court deems just and proper

7

8 Dated: June 10, 2019                 LAW OFFICES OF PAUL J. BARBA

9

10                                  By

                                    Paul J. Barba

11                                     Laurie D. Rau

12                                     Attorneys for Plaintiff Cristina Morcom

13

14                  **PLAINTIFF'S DEMAND FOR A JURY TRIAL**

15         Plaintiff CRISTINA MORCOM hereby demands a trial by jury.

16

17 Dated: June 10, 2019                 LAW OFFICES OF PAUL J. BARBA

18

19                                    By

                                    Paul J. Barba

20                                     Laurie D. Rau

21                                     Attorneys for Plaintiff Cristina Morcom

22

23

24

25

26

27

28

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

LAW OFFICE OF PAUL J. BARBA
17291 Irvine Blvd. Suite 395
Tustin, California 92780

1    (4)    For pre-judgment and post-judgment interest as provided by law;

2    (5)    For cost of suit incurred herein in an amount according to proof at the time of

3            trial;

4    (6)    For reasonable attorney's fees in an amount according to proof at the time of trial;

5            and

6    (7)    For such other and further relief as the Court deems just and proper

7

8 Dated: June 10, 2019               LAW OFFICES OF PAUL J. BARBA

9

10                           By

                               Paul J. Barba

11                              Laurie D. Rau

                               Attorneys for Plaintiff Cristina Morcom

12

13

14                **PLAINTIFF'S DEMAND FOR A JURY TRIAL**

15        Plaintiff CRISTINA MORCOM hereby demands a trial by jury.

16

17 Dated: June 10, 2019               LAW OFFICES OF PAUL J. BARBA

18

19                             By

                               Paul J. Barba

20                              Laurie D. Rau

21                               Attorneys for Plaintiff Cristina Morcom

22

23

24

25

26

27

28                              22

# EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

October 5, 2018

Cristina Morcom
6990 SW 90th St.
Pinecrest, FL 33156

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 201810-03804005
Right to Sue: Morcom / Newport Aquatic Center et al.

Dear Cristina Morcom,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 24, 2018 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

# EXHIBIT "B"

**Newport Aquatic Center**
**Employment Agreement**

Date: 6-15-2017

Employee: Cristina Morcom

Address: 1235 W Town & Country Rd #2303 Orange CA 92868

Dear Cristina :

I am delighted to confirm the verbal offer of employment extended to you on 6-15-2017.
Your position will be Head Varsity Girls Rowing Coach reporting to Pat Rolfes in the
Jr. Rowing Department Department. Your scheduled start date is June 2017.

You will receive compensation in the amount of $ 1,923.07 paid biweekly on Fridays
provided you have rendered services during the pay period, subject to any deductions permitted
under law.

As a part time / full time employee, you are eligible for applicable benefits listed in the New
Employee Orientation Packet. However, any benefits currently provided may be changed or
removed at any time.

On your first day of work, please be prepared to provide employment eligibility verification.
Enclosed you will find a form outlining suitable forms of identification for submission.

Newport Aquatic Center is an at-will employer. This means that both you and Newport Aquatic
Center reserve the right to terminate the employment relationship at any time for any reason.
This letter serves only to confirm our verbal discussion of your employment and does not
constitute a contract of employment.

If you accept this offer of employment, please sign this letter and return it to me no later
than your first day of work.

Sincerely,

**Billy Whitford**
**Executive Director**

C. Moj a
Employee Signature

9-15-2017
Date

Cristina Morcom
Printed Name

# NOTICE TO EMPLOYEE
### *Labor Code section 2810.5*

## EMPLOYEE

Employee Name: **Cristina Morcom**

Start Date: **June 2017**

## EMPLOYER

Legal Name of Hiring Employer: **Newport Aquatic Center**

Is hiring employer a staffing agency/business (e.g., Temporary Services Agency; Employee Leasing Company; or Professional Employer Organization [PEO])? ☐ Yes   ✓ No

Other Names Hiring Employer is "doing business as" (if applicable): _____

Physical Address of Hiring Employer's Main Office:
**1 Whitecliffs Dr. Newport Beach, CA 92660**

Hiring Employer's Mailing Address (if different than above): _____

Hiring Employer's Telephone Number: **949-646-7725**

If the hiring employer is a staffing agency/business (above box checked "Yes"), the following is the other entity for whom this employee will perform work:

    Name: _____

    Physical Address of Main Office: _____

    Mailing Address: _____

    Telephone Number: _____

## WAGE INFORMATION

Rate(s) of Pay: **$50,000 annual**   Overtime Rate(s) of Pay: _____

Rate by (check box):  ☐ Hour   ☐ Shift   ☐ Day   ☐ Week   ✓ Salary   ☐ Piece rate   ☐ Commission
☐ Other (provide specifics): _____

Does a written agreement exist providing the rate(s) of pay?   (check box)  ☐ Yes   ✓ No

    If yes, are all rate(s) of pay and bases thereof contained in that written agreement?   ☐ Yes   ☐ No

Allowances, if any, claimed as part of minimum wage (including meal or lodging allowances):
**N/A**

(If the employee has signed the acknowledgment of receipt below, it does not constitute a "voluntary written agreement" as required under the law between the employer and employee in order to credit any meals or lodging against the minimum wage. Any such voluntary written agreement must be evidenced by a separate document.)

Regular Payday: **Biweekly on Friday**

DLSE-NTE (rev 9/2014)

# WORKERS' COMPENSATION

Insurance Carrier's Name: State Compensation Insurance Fund

Address: P.O. Box 8192  Pleasanton, CA 94588

Telephone Number: 888-782-8338

Policy No.: 9050577

☐ Self-Insured (Labor Code 3700) and Certificate Number for Consent to Self-Insure: ___ _____

---

# PAID SICK LEAVE

Unless exempt, the employee identified on this notice is entitled to minimum requirements for paid sick leave under state law which provides that an employee:

    a. May accrue paid sick leave and may request and use up to 3 days or 24 hours of accrued paid sick leave per year;

    b. May not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and

    c. Has the right to file a complaint against an employer who retaliates or discriminates against an employee for

        1. requesting or using accrued sick days;

        2. attempting to exercise the right to use accrued paid sick days;

        3. filing a complaint or alleging a violation of Article 1.5 section 245 et seq. of the California Labor Code;

        4. cooperating in an investigation or prosecution of an alleged violation of this Article or opposing any policy or practice or act that is prohibited by Article 1.5 section 245 et seq. of the California Labor Code.

The following applies to the employee identified on this notice: *(Check one box)*

☐ 1. Accrues paid sick leave only pursuant to the minimum requirements stated in Labor Code §245 et seq. with no other employer policy providing additional or different terms for accrual and use of paid sick leave.

☐ 2. Accrues paid sick leave pursuant to the employer's policy which satisfies or exceeds the accrual, carryover, and use requirements of Labor Code §246.

☒ 3. Employer provides no less than 24 hours (or 3 days) of paid sick leave at the beginning of each 12-month period.

☐ 4. The employee is exempt from paid sick leave protection by Labor Code §245.5. (State exemption and specific subsection for exemption):_____

---

# ACKNOWLEDGEMENT OF RECEIPT
## *(Optional)*

| | |
|---|---|
| Malia Hohl | Cristina Morcom |
| (PRINT NAME of Employer representative) | (PRINT NAME of Employee) |
| *Malia Hohl* | C. Moja |
| (SIGNATURE of Employer Representative) | (SIGNATURE of Employee) |
| 6-15-2017 | 6/15/17 |
| (Date) | (Date) |

The employee's signature on this notice merely constitutes acknowledgement of receipt.

---

Labor Code section 2810.5(b) requires that the employer notify you in writing of any changes to the information set forth in this Notice within seven calendar days after the time of the changes, unless one of the following applies: (a) All changes are reflected on a timely wage statement furnished in accordance with Labor Code section 226. (b) Notice of all changes is provided in another writing required by law within seven days of the changes.

DLSE-NTE (rev 9/2014)