# EXHIBIT 21

1  **FORD & DIULIO PC**
   Kristopher P. Diulio (Bar No. 229399)
2  KDiulio@FordDiulio.com
   Olivia S. Cannon (Bar No. 315553)
3  OCannon@FordDiulio.com
   650 Town Center Drive, Suite 760
4  Costa Mesa, California 92626
   Telephone: (714) 450-6830
5  Facsimile: (844) 437-7201

6

7  Attorneys for Plaintiff CRISTINA MORCOM

8

9          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10        FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11

12 CRISTINA MORCOM, an individual,          )   Case No.: 30-2019-01076845-CU-WT-CJC
                                            )
13              Plaintiff,                  )   **SECOND AMENDED COMPLAINT FOR:**
                                            )
14        vs.                               )
                                            )   (1) GENDER DISCRIMINATION
15 NEWPORT AQUATIC CENTER, a California )       (2) FAILURE TO TAKE ALL REASONABLE
   domestic non-profit benefit corporation; )       STEPS TO PREVENT SEXUAL
16 WILLIAM WHITFORD, a.k.a. BILLY          )       HARASSMENT
   WHITFORD, an individual; GARRETT        )   (3) CONSTRUCTIVE WRONGFUL
17 PICKARD, an individual; and DOES 1 through)       TERMINATION IN VIOLATION OF
   50, inclusive,                          )       PUBLIC POLICY
18                                          )   (4) INTENTIONAL INFLICTION OF
                Defendants.                 )       EMOTIONAL DISTRESS
19                                          )   (5) INTRUSION INTO PRIVATE AFFAIRS
                                            )   (6) WHISTLEBLOWER RETALIATION
20                                          )   (7)  DEFAMATION
                                            )   (8) CALIFORNIA EQUAL PAY ACT
21                                          )   (9) FEDERAL EQUAL PAY ACT
                                            )   (10) GENDER DISCRIMINATION UNDER
22                                          )   TITLE VII OF THE CIVIL RIGHTS ACT OF
                                            )   1964
23                                          )   (11) CALIFORNIA BUSINESS &
                                            )   PROFESSIONS CODE § 17200
24                                          )   (12) VIOLATION OF CALIFORNIA'S
                                            )   COMPREHENSIVE COMPUTER DATA
25                                          )   ACCESS AND FRAUD ACT, PENAL CODE
                                            )   § 502
26                                          )
                                            )
27 _____  )   **DEMAND FOR TRIAL BY JURY**

28

                                    1
                            **COMPLAINT**

Plaintiff CRISTINA MORCOM ("MORCOM") alleges:

1.  The Newport Aquatic Center ("NAC") is non-profit public benefit corporation offering the public opportunities in the Olympic-style water sports of rowing, canoeing, and kayaking competition. NAC'S Mission Statement provides that it is "an extraordinary community resource whose mission is to **teach** and **inspire** athletes of all ages, abilities and backgrounds by fostering a passion for Olympic style rowing, kayaking, canoeing and related marine activities." Since its founding in March of 1982, NAC has been the preeminent water sports center in Orange County. From its base in the back bay of Newport Harbor, NAC has achieved success in local, regional, and national regattas. As its reputation for Junior Rowing Olympic style program grew, NAC realized a marked increase in donations and income to where NAC now receives approximately $2,000,000.00 in revenue per year. In short, its mission, success, and prestige should inspire the local community. Yet behind the glossy statements and trophies, NAC harbors and fosters an environment of discrimination and harassment against women. NAC executive director Billy WHITFORD and NAC's employees, including Garrett PICKARD, promote, encourage, and embody this toxic environment. Throughout MORCOM's employment with NAC, WHITFORD engaged in a continuous pattern of discrimination towards MORCOM and other female employees and athletes at NAC.

2.  Female staff and coaches are systematically paid less than their male counterparts. For the very same job. It is shocking that such a practice still exists any organization, let alone a non-profit corporation whose purpose is to promote opportunities in the Olympic water sports of rowing, canoeing, and kayaking and outrigger canoe competition.

3.  Plaintiff Cristina MORCOM brings this action to rectify the discrimination and harassment that she was subjected to, and to prompt NAC and its Board of Directors to correct the unfair, discriminatory, and damaging conduct.

## THE PARTIES

4.  At all times mentioned herein, MORCOM was an individual residing in Orange County, California.

5.  Defendant NEWPORT AQUATIC CENTER ("NAC") is and, at all times

mentioned herein, was a California domestic non-profit corporation conducting business in the County of Orange, State of California.  At all times mentioned herein, NAC'S principal place of business is 1 Whitecliffs Drive, Newport Beach California.

6.    Defendant WILLIAM WHITFORD a.k.a BILLY WHITFORD ("WHITFORD") is an individual and, at all times mentioned herein, was a resident of Orange County, State California.  At all times mentioned herein WHITFORD was and is the Executive Director for NAC.

7.    Defendant GARRETT PICKARD ("PICKARD") is an individual and, at all times mentioned herein, was a resident of Orange County, State California.  At all times mentioned herein PICKARD was and is a girls Junior Rowing Coach for NAC.

8.    The following paragraphs of this Complaint are alleged on information and belief whether or not so designated.  From time to time as alleged herein NAC, WHITFORD, PICKARD and DOES 1 through 50 are collectively referred to as "Defendants."

9.    MORCOM is ignorant of the identities of defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. The DOE defendants may be individuals, partnerships, or corporations.  MORCOM is informed and believes, and thereon alleges that at all times mentioned herein, each of the DOE defendants was the parent, subsidiary, agent, servant, employee, co-venturer, and/or co-conspirator of each of the other defendants and was at all times mentioned, acting within the scope, purpose, consent, knowledge, ratification and authorization of such agency, employment, joint venture and conspiracy. MORCOM will amend this Complaint to allege their true names and capacities when the same is ascertained. MORCOM is informed and believes and thereon alleges that each of the fictitiously named DOE defendants is responsible in some manner for the occurrences alleged herein, and that MORCOM'S damages as alleged herein was proximately caused by their conduct.

10.    MORCOM is informed and believes and thereon alleges that WHITFORD and DOES 1 through 20 are, and at all times mentioned herein were, the alter egos of NAC and each

1   of them were a mere shell, instrumentality and conduit through which WHITFORD and DOES 1

2   through 20, carried on their business and that there exists and, at all times alleged herein, has

3   existed a unity of interest and ownership between such Defendants such that any separateness

4   has ceased to exist, in that WHITFORD and DOES 1 through 20, have and continue to use the

5   assets of NAC for their own personal benefit and have caused assets of NAC to be transferred to

6   them without adequate consideration.  WHITFORD and DOES 1 through 20, operated NAC

7   without appropriate meetings, failed to keep adequate records of NAC financial activities, and

8   WHITFORD and DOES 1 through 20 have entered into personal transactions with NAC and

9   completely controlled, dominated, managed and operated NAC and intermingled NAC'S assets

10  with their own to suit their own convenience and benefit.  All of the acts alleged herein were

11  done with consent, knowledge, ratification and authorization of each of the other Defendants.

12       11.     NAC and WHITFORD were at all times mentioned herein, (a) conducting

13  business in the County of Orange, State of California, and (b) the employer of MORCOM

14  consistent with the California Labor Code and Industrial Welfare Commission Wage Orders

15  ("Wage Orders").  MORCOM further alleges that NAC and WHITFORD, directly or indirectly

16  controlled or effected the working conditions, wages, working hours, and conditions of

17  employment of MORCOM so as to make each of said Defendants the employers of MORCOM

18  and liable under the statutory provisions set forth herein.

19       12.     MORCOM has exhausted all required administrative remedies, including filing of

20  a complaint with the Department of Fair Employment and Housing ("DFEH"). MORCOM's

21  DFEH complaint alleged that MORCOM experienced discrimination and harassment and as a

22  result, she was denied equal pay, among other things. A true and correct copy of MORCOM's

23  DFEH complaint is attached as **Exhibit "A"**. A Right to Sue notice was issued by the

24  Department of Fair Employment and Housing as against the defendants herein on or about

25  October 5, 2018. A true and correct copy of the Right to Sue notice is attached hereto and

26  incorporated herein by this reference as **Exhibit "B"**.

27

28

## **OPERATIVE FACTS**

13.     NAC harbors an environment of rampant and institutionalized gender discrimination and sexual harassment toward its female employees.

14.     WHTIFORD and NAC's employees, including PICKARD, promote, encourage, and embody this toxic environment.

15.     Throughout MORCOM's employment with NAC, WHITFORD engaged in a continuous pattern of discrimination towards MORCOM and other female employees and athletes at NAC.

16.     Female staff and coaches at NAC are systematically paid less than their male counterparts.

17.     Morcom is an accomplished rower, as both an athlete and coach.

18.     NAC paid the ***male*** coach who held the ***very same position*** as MORCOM just before her ***$10,000 more than MORCOM*** even though MORCOM obtained similar results and had arguably better qualifications.

19. After Morcom was forced to resign to due harassment and discrimination, NAC and Whitford replaced Morcom with Pickard.

20.     NAC paid Pickard ***$10,000 more than Morcom*** to do the very same job as Morcom. Notwithstanding that Morcom was more qualified than Pickard. The only difference that could explain the disparate pay is that Morcom is a woman, while the two coaches who held the very same job before and after her were men.

21.     NAC's institutionalized discrimination and harassment is not limited to disparate pay. WHITFORD, through NAC, constantly attempted to impede the female coaches and teams and to interfere with, impede, or fail to promote their success in order to provide a preference to male coaches and teams.

22.     Among other things, WHITFORD asked MORCOM to tone down the practice schedule and try-out process she created for the women's team because she was being too hard on them. In truth, the women were not taken as seriously.

23.     WHITFORD did not allow MORCOM to drive the NAC trailer under the pretext that she needed a certification to do so when that was a transparent pretext to prevent MORCOM—as a female coach—from driving a trailer when male coaches were not prevented from doing so.

24.     WHITFORD forced MORCOM to undergo an additional background check after she began work that no other employees had to do—again, simply because she is a woman.

25.     WHITFORD undermined MORCOM's ability to alter practice due to unsafe weather conditions, while male coaches were given that discretion.

26.     These actions combined to make NAC and WHITFORD create harsh, intolerable working conditions that left MORCOM with no realistic choice but to quit for an inferior position.

27.     Defendant PICKARD is Defendant WHITFORD's crony, who assisted in NAC's harassment and discrimination. After MORCOM left NAC, PICKARD invaded MORCOM's privacy by logging into her personal email account—without MORCOM's authorization—for at least six months.

28.     PICKARD told other NAC employees, including WHITFORD, that he had access to MORCOM's email account. PICKARD shared the contents of MORCOM's personal emails with WHITFORD and NAC, and never bothered to log out or stop checking MORCOM's email for months after MORCOM was forced to leave NAC.

29.     In the fall of 2018, PICKARD went so far as to read an email indicating that MORCOM's Department of Fair Employment Housing complaint had been filed and ***informed WHITFORD and NAC***. Neither NAC nor WHITFORD ever told PICKARD that he should stop invading MORCOM's privacy or that his actions were inappropriate. Thus, even after being forced out, NAC and WHITFORD continued to harass and discriminate against MORCOM.

30.     On or about June 15, 2017, MORCOM began her employment at NAC as the Head Varsity Girls Rowing Coach.  MORCOM'S employment with NAC was memorialized in a written employment agreement, which included among other terms that her compensation at a rate of $1,923.07 biweekly, or approximately $50,000.00 a year.  (A true and correct copy the MORCOM'S employment agreement and related documents are attached hereto and incorporated herein as **Exhibit "C"**).  WHITFORD in his position as Executive Director for NAC was a supervisor of MORCOM.

31.     From the first day of MORCOM'S employment, WHITFORD engaged in a continuous, severe, and pervasive campaign of sexual harassment and hostile environment towards MORCOM that WHITFORD knew at all times was not consented until July 20, 2018. For example, on the first day WHITFORD pull MORCOM aside to have a "private talk, eye to eye" about the motives of the Boys Junior Rowing coach, Nick D'Antoni, and Junior Rowing Program Director, Pat Rolfes, who report to WHITFORD.  WHITFORD attempted to convince MORCOM to abandon the then current chain of command and to go directly to him.  WHITFORD told Morcom that if she "ever needed anything, to go directly to him" because he would be there for MORCOM and fight her battles for her. When MORCOM told WHITFORD she would follow the chain of command as constructed WHITFORD became upset and engaged in a pattern of retaliation against MORCOM and manufactured false allegations to be used as a basis to terminate MORCOM as set forth more fully below. Moreover, WHITFORD would leer at MORCOM, would follow MORCOM around NAC and at races, would eerily watch every move she made, and attempt to convince MORCOM to abandon the current chain of command and go directly to him.  WHITFORD often said things to MORCOM throughout her employment that made her feel extremely uncomfortable. At a regatta, WHITFORD came up to MORCOM and he said, "Cristina I don't hate you I love you".  Later after the regatta, WHITFORD pulled MORCOM into his office so they could be alone and said, "if you need anything at all, a place to stay, money, anything, you let me know".

32. WHITFORD retaliated against MORCOM by, among other things, the following:

(a) Falsely alleging that MORCOM was drinking alcohol with one of her athletes at a private party. WHITFORD, after falsely accusing MORCOM, contacted Newport Harbor High School about MORCOM'S conduct and requested NAC'S board to hold an emergency meeting;

(b) Falsely alleging MORCOM was misusing donated equipment and calling MORCOM into a meeting with Junior Rowing donor, Fane Smith, Bill Grant (President and Chairman of the Board of Directors for NAC) Rolfes, Jim Netzer (Facility Committee Chair of NAC and a director sitting on the Board of Directors for NAC) and Garrett Pickard (at the time the Novice Girls Junior Rowing Coach);

(c) Threatening MORCOM that if she did not "shape up there would be more problems coming my [her] way;"

(d) Falsely alleging MOROCM of using foul language with the kids at a NAC camp; and

(e) Falsely accusing MORCOM of allowing her athletes to go out on a morning row unsupervised.

33. MORCOM informed the Board of Directors of NAC multiple times about WHITFORD'S continuous, severe, and pervasive campaign of sexual harassment, retaliation and hostile environment towards MORCOM. Unfortunately, despite MORCOM'S repeated complaints and requests for help, NAC'S Board did nothing.

## **FIRST CAUSE OF ACTION**

### **(GENDER DISCRIMINATION AGAINST NAC AND DOE DEFENDANTS 1 THROUGH 10)**

34. MORCOM incorporates herein by reference each and every allegation contained in Paragraphs 1 through 33, inclusive, of the Complaint, as though set forth in full.

**COMPLAINT**

35.     The Section 8 of Article 1 of the California Constitution states, "A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex..." *Merrell v. All Seasons Resorts, Inc.* (C.D.Cal.1989) 720 F.Supp. 815, 819; *Badih* v. *Myers* (App. 1 Dist 1995) 36 Cal.App.4th 1289.

36.     NAC violated the Section 8 of Article 1 of the California Constitution by disqualifying MORCOM from pursuing her employment because of her sex.

37.     WHITFORD'S sexually harassing conduct is assumed by NAC because WHITFORD was a supervisor for NAC and is MORCOM'S supervisor.

38.     NAC discriminated against MORCOM, by causing her to resign because of the sexually harassing conduct as alleged herein, because she is a woman.

39.     MORCOM informed NAC'S Board of Directors that she had no choice but to resign because she could not tolerate sexual harassment by WHITFORD.

40.     MORCOM alleges that NAC is liable for the acts of WHITFORD because he was MORCOM'S supervisor, with the authority to implement the law and make policy for NAC.  Accordingly, NAC is strictly liable for WHITFORD'S sexual harassment because he was MORCOM'S supervisor.

41.     MORCOM alleges that the wrongful conduct as alleged herein was taken towards MORCOM because she is a woman. MORCOM alleges that she would not have been discriminated against and constructively wrongfully terminated if she were not a woman.

42.     As alleged herein, MORCOM was subjected to a sexually hostile and abusive work environment with a quid pro quo nature during her employment, for which NAC is liable for because NAC was  knew of the environment, yet NAC did nothing to stop the environment, and stop WHITFORD from harassing MORCOM, and failed to prevent further harassment after notice, and discriminated against MORCOM due to her sex by constructively terminating MORCOM for refusing to submit to and complaining about sexual harassment.  By failing to stop the harassment and by failure to act, NAC ratified the

**COMPLAINT**

wrongful conduct of WHITFORD against MORCOM because she is a woman by constructively terminating Plaintiff for complaining of sexual harassment.

43. As a direct, foreseeable, and proximate result of the conduct of NAC, MORCOM has suffered, and continues to suffer emotional distress, as well as other financial losses to be ascertain according to proof at the time of trial, but in excess of the jurisdictional minimum of this Court.

44. MORCOM is informed, believes, and based thereon, alleges that the outrageous conduct of NAC, as described herein, was done with oppression and malice by the MORCOM'S supervisors and were ratified by NAC. These unlawful acts were ratified by the NAC and done with a conscious disregard for MORCOM'S rights and with the intent, design and purpose of injuring the MORCOM. By reason thereof, the MORCOM is entitled to punitive or exemplary damages against NAC the acts as described herein in an amount according to proof at the time of trial, but in excess of the jurisdictional of minimum this Court.

## SECOND CAUSE OF ACTION

### (FAILURE TO PREVENT SEXUAL HARASSMENT AGAINST NAC AND DOE DEFENDANTS 1 THROUGH 10)

45. MORCOM incorporates herein by reference each and every allegation contained in Paragraphs 1 through 44, inclusive, of the Complaint, as though set forth in full.

46. At all times mentioned, FEHA, Cal. Gov't Code § 12900. Et seq., was in full force and effect and was fully binding upon NAC. Specifically, Cal. Gov't Code § 12940(k) makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent sexual harassment from occurring.

47. As described herein, not only was the harassing conduct perpetrated by a supervisor and managing agent of NAC, but other supervisors /managers were aware of and/or had actually witnessed the harassing conduct. Despite this knowledge, NAC failed to

take any action. NAC failed to adequately investigate WHITFORD'S behavior, failed to take all reasonable steps to prevent him from harassing MORCOM and did not investigate or discipline him in response to MORCOM'S complaints. As such, NAC failed to take all reasonable steps necessary to prevent harassment from occurring in violation of Cal. Gov't Code § 12940(k).

48. As direct, foreseeable and proximate result of the NAC'S wrongful conduct, MORCOM has suffered and continues to suffer losses in earnings, equity and other employments benefits and incurred other economic losses and damages in an amount according to proof at the time of trial, but in excess of the jurisdictional of minimum this Court.

49. As direct, foreseeable and proximate result of the NAC'S wrongful conduct, MORCOM has suffered and continues to suffer substantial emotion distress, humiliation, shame, and embarrassment, all to MORCOM'S damage in an amount according to proof at the time of trial, but in excess of the jurisdictional of minimum this Court.

50. MORCOM is informed, believes, and based thereon, alleges that the outrageous conduct of NAC, as described herein, was done with oppression and malice by the MORCOM'S supervisors and were ratified by NAC. These unlawful acts were ratified by the NAC and done with a conscious disregard for MORCOM'S rights and with the intent, design and purpose of injuring the MORCOM. By reason thereof, the MORCOM is entitled to punitive or exemplary damages against NAC the acts as described herein in an amount according to proof at the time of trial, but in excess of the jurisdictional of minimum this Court.

## THIRD CAUSE OF ACTION

### (CONSTRUCTIVE WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST NAC AND DOE DEFENDANTS 1 THROUGH 10)

51. MORCOM incorporates herein by reference each and every allegation contained in Paragraphs 1 through 50, inclusive, of the Complaint, as though set forth in

full.

52.     Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy, or because they report behavior of their employer that they reasonably believe constitutes suspicious or illegal conduct. In recent years, the California Court has interpreted a fundamental public policy to be any articulable constitutional, statutory provision, or regulation that is concerned with a matter effecting society at large rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

53.     MORCOM is informed, believes, and based thereon, alleges that NAC constructively wrongfully terminated MORCOM'S employment in violation of public policy by causing MORCOM to have no choice but to resign when NAC had WHITFORD continue to work with MORCOM and continue harassing her and NAC retaliated against MORCOM, by failing to assure that MORCOM would have a sexual harassment free work environment after complaining of sexual harassment.  NAC knowing of the harassment of MORCOM failed to investigate, failed to take remedial measures and failed to prevent further harassment and retaliation leaving MORCOM with no choice but to resign. By constructively wrongfully terminating MORCOM for complaining of harassment NAC violated the following public policies affecting society at large for the following reasons:

(a)     Article I Section VIII of the California Constitution which prohibits the harassment of employees based upon their sex;

(b)     California Government Code § 12940 which prohibits supervisors and employers from harassing, an employee on the basis of their sex and sexually harassing an employee;

(c)     2 California Code of Regulations §§ 7287.6, 7287.8, and 7291.1(f)(1) which makes unwelcome sexual advances, sexual battery, and sexual favors which

condition employment benefits unlawful;

(d)     California Government Code § 12940(j)(l) which prohibits employees from harassing their subordinates on the basis of the subordinates' sex including sexually harassing a subordinate;

(e)     2 California Code of Regulations § 7290.6(b) which states "employment benefit" specifically includes "provision of a discrimination-free workplace" (2 C.C.R. §7286.5(f)), which in turn is defined as "provision of a workplace free of harassment" 2 C.C.R. §7286.5(f)(3);

(f)     California Government Code § 12940(h)(1) which imposes strict employer liability for harassment by a supervisory employee. "[A]n employer is strictly liable for all acts of sexual harassment by a supervisor." *State Dep't of Health Servs. v. Superior Court* (2003) 31 Cal.4th 1026,1042;

(g)     California Government Code § 12940(h) which prohibits employers from discharging or otherwise discriminating against a person because the person has opposed any practices forbidden under California Government Code § 12940;

(h)     Penal Code § 240, which makes assault unlawful;

(i)     Penal Code § 241(a), which makes assault punishable by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding six months, or by both the fine and imprisonment;

(j)     Penal Code and § 242, which makes battery unlawful;

(k)     Penal Code § 243 (a), which makes battery punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail not exceeding six months, or by both that fine and imprisonment;

(l)     All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by retaliating, harassing,

1  discriminating against the MORCOM and constructively wrongfully terminating

2  MORCOM.

3  54.  As a direct, foreseeable, and proximate result of the actions of NAC as

4  described in this cause of action, MORCOM has suffered, and continues to suffer, severe

5  emotional distress, substantial losses in salary, bonuses, job benefits, and other employment

6  benefits she would have received from NAC, plus expenses incurred in obtaining

7  substitute employment, as well as financial losses, all to the MORCOM'S damage, in an an

8  amount according to proof at the time of trial, but in excess of the jurisdictional minimum of

9  this Court.

10  55.  MORCOM is informed, believes, and based thereon, alleges that the

11  outrageous conduct of NAC, as described herein, was done with oppression and malice by

12  the MORCOM'S supervisors and were ratified by NAC.  These unlawful acts were ratified

13  by the NAC and done with a conscious disregard for MORCOM'S rights and with the

14  intent, design and purpose of injuring the MORCOM.  By reason thereof, the MORCOM is

15  entitled to punitive or exemplary damages against NAC the acts as described herein in an

16  amount according to proof at the time of trial, but in excess of the jurisdictional of minimum

17  this Court.

18  **FOURTH CAUSE OF ACTION**

19  **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST**

20  **WHITFORD, NAC, PICKARD AND DOE DEFENDANTS 1 THROUGH 10)**

21  56.  MORCOM incorporates herein by reference each and every allegation

22  contained in Paragraphs 1 through 55, inclusive, of the Complaint, as though set forth in

23  full.

24  57.  The conduct of WHITFORD, NAC, and PICKARD as set forth herein was so

25  extreme and outrageous that it exceeded the boundaries of human decency and was beyond

26  the type of conduct tolerated in a civilized society.  This conduct was intended to cause

27  severe emotional distress or was done in reckless disregard of the probability of causing

28

**COMPLAINT**

severe emotional distress.

58.     As an actual and proximate result of WHITFORD'S, NAC'S, and PICKARD'S wrongful, MORCOM has suffered and continues to suffer severe and continuous humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in an amount according to proof at the time of trial, but in excess of the jurisdictional minimum of this Court.

59.     WHITFORD, NAC and PICKARD committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring MOROCM, and acted with an improper and evil motive amounting to malice and in conscious disregard of MORCOM'S rights.  Because the acts taken toward MORCOM were carried out by WHITFORD, NAC, and PICKARD acting in a deliberate, cold, callous, and intentional manner in order to injure and damage MORCOM, she is entitled to recover punitive damages from WHITFORD and NAC in an amount according to proof at the time of trial, but in excess of the jurisdictional minimum of this Court.

## FIFTH CAUSE OF ACTION

### (UNLAWFUL INTRUSION INTO PRIVATE AFFAIRS AGAINST PICKARD, NAC AND DOE DEFENDANTS 1 THROUGH 10)

60.     MORCOM incorporates herein by reference each and every allegation contained in Paragraphs 1 through 59, inclusive, of the Complaint, as though set forth in full.

61.     PICKARD and NAC violated MORCOM'S right to privacy on or about when, in November of 2018, MORCOM discovered that PICKARD, acting at the direct and with the consent of NAC, hacked into and accessed MORCOM'S private emails and to use the information gathered therefrom against MORCOM in retaliation against her for her complaints against WHITFORD as alleged herein.

62.     At all relevant times, MORCOM had a reasonable expectation of privacy to her emails.  PICKARD intentionally intruded into MORCOM'S private affairs when he

hacked into and accessed MORCOM'S emails and using the information gathered therefrom against MORCOM in retaliation against her for her complaints against WHITFORD as alleged herein.

63.    PICKARD intentional intrusion into MORCOM'S private affairs would be highly offensive to a reasonable person in MORCOM position as he hacked into and accessed MORCOM'S emails and using the information gathered therefrom against MORCOM in retaliation against her for her complaints against WHITFORD as alleged herein.

64.    Upon information and belief, PICKARD'S wrongful conduct was a substantial factor in causing MORCOM'S harm and damages, including but not limited to, injury to MORCOM'S occupation and reputation in an amount according to proof at the time of trial, but in excess of the jurisdictional minimum of this Court.

65.    In doing the acts herein alleged, PICKARD acted fraudulently, willfully, maliciously, oppressively, and with intentional disregard of MORCOM'S interests, and subjected MORCOM to unjust hardship. As a result of this conduct, MORCOM is entitled to punitive damages in an amount according to proof at the time of trial, but in excess of the jurisdictional minimum of this Court.

## SIXTH CAUSE OF ACTION

### (WHISTLEBLOWER RETALIATION AGAINST NAC AND DOE DEFENDANTS 1 THROUGH 10)

66.    MORCOM incorporates herein by reference each and every allegation contained in Paragraphs 1 through 65, inclusive, of the Complaint, as though set forth in full.

67.    Beginning on June 15, 2017, through the remainder of MORCOM'S employment at NAC, MORCOM was subjected to a systematic and malicious campaign of retaliation for her disclosure of and resistance and objection to WHITFORD'S harassment and discrimination toward MORCOM.  MORCOM'S conduct in disclosing, resisting and

objecting to WHITFORD'S wrongful conduct as alleged herein was protected activity pursuant to Government Code § 12940 et seq. MORCOM'S refusal to engage, consent, or otherwise acquiesce to the wrongful conduct and illegal activity, as alleged herein, is and was a protected activity pursuant to Labor Code § 1102.5.

68. MORCOM was threatened, intimidated and harassed and suffered adverse economic consequences, subjected to a hostile work environment and wrongfully discharged after engaging in a protected whistleblower activity and refusing to permit such activity to continue.

69. As proximate result of the retaliation as alleged herein, MORCOM has suffered emotional distress and economic loss in an amount according to proof at the time of trial, but in excess of the jurisdictional minimum of this Court.

70. By virtue of the wrongful and illegal acts as alleged herein, MORCOM has been prevented from attending his usual occupation and thereby has suffered lost earnings in an amount according to proof at the time of trial but in excess of the jurisdictional minimum of this Court.

71. MORCOM alleges, that the aforementioned acts of NAC were willful and malicious in that wrongful and illegal acts were committed with the intent to injure MORCOM and to destroy MORCOM'S reputation with conscious disregard for MORCOM'S rights, thereby warranting an award of punitive damages in an amount appropriate to punish NAC and to deter NAC and others from engaging in similar misconduct in the future.

### SEVENTH CAUSE OF ACTION

### (DEFAMATION AGAINST WHITFORD)

72. MORCOM incorporates herein by reference each and every allegation contained in Paragraphs 1 through 71, inclusive, of the Complaint, as though set forth in full.

73. WHITFORD caused to be published false and unprivileged communications tending directly to injure MORCOM in her business and professional reputation as alleged

1  herein.

2  74.     More specifically, WHITFORD engaged in a campaign of making public false

3  and defamatory statements against MORCOM that she was drinking alcohol with her athletes,

4  who were minors.  WHITFORD made the false and defamatory statements public in an effort to

5  destroy MORCOM'S reputation and to force her out as the Varsity Girl's Junior Rowing Coach.

6  75.     As a proximate result of the defamatory statements made by WHITFORD, as

7  alleged herein, MORCOM has suffered injury to her professional reputation, and further has

8  suffered and continues to suffer embarrassment, humiliation, and anguish, all to her damage in

9  an amount according to proof.

10  76.     WHITFORD committed the acts alleged herein maliciously, fraudulently, and

11  oppressively, with the wrongful intention of injuring MORCOM, and acted with an improper and

12  evil motive amounting to malice and in conscious disregard of MORCOM'S rights. Because the

13  acts taken toward MORCOM were carried out by WHITFORD acting in a deliberate, cold,

14  callous, and intentional manner in order to injure and damage MORCOM, she is entitled to

15  recover punitive damages from WHITFORD in an amount according to proof.

16  **<u>EIGHTH CAUSE OF ACTION</u>**

17  **CALIFORNIA EQUAL PAY ACT**

18  **California Labor Code § 1197.5, *et seq*.**

19  **AGAINST NAC & WHITFORD**

20  77.     MORCOM incorporates herein by reference each and every allegation contained

21  in Paragraphs 1 through 76, inclusive, of the Complaint, as though set forth in full.

22  78.     NAC discriminated against MORCOM in violation of the California Equal Pay

23  Act, California Labor Code § 1197.5, *et seq*. by subjecting her to unequal pay on the basis of sex.

24  79.     NAC discriminated against MORCOM by treating her differently from and less

25  preferably than similarly situated male employees who performed jobs which required equal

26  skill, effort, and responsibility, and which were performed under similar working conditions.

27  NAC also discriminated against MORCOM by subjecting her to less (discriminatory) pay in

28

violation of the California Equal Pay Act.

80. NAC caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the California Equal Pay Act.

81. NAC knew of or showed reckless disregard for the fact that its conduct was in violation of the California Equal Pay Act.

82. As a result of NAC's willful, knowing, and intentional discrimination, MORCOM has suffered and will continue to suffer harm, including but not limited to, lost wages and other financial loss.

83. MORCOM should be awarded all legal and equitable remedies, including underpaid wages, liquidated damages, and reasonable attorneys' fees under California Labor Code § 1197.5 and California Code of Civil Procedure § 1021.5.

84. MORCOM is also entitled to civil penalties under California Labor Code §§ 1197.5 and 2699(f).

<u>**NINTH CAUSE OF ACTION**</u>

**FEDERAL EQUAL PAY ACT**

**29 U.S.C. § 206(d)**

**AGAINST NAC & WHITFORD**

85. MORCOM incorporates herein by reference each and every allegation contained in Paragraphs 1 through 84, inclusive, of the Complaint, as though set forth in full.

86. NAC discriminated against MORCOM in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 206(d), as amended by the Equal Pay Act of 1963, by subjecting her to unequal pay on the basis of sex.

87. NAC discriminated against MORCOM by treating her differently from and less preferably than similarly-situated male employees who performed jobs requiring equal skill, effort, and responsibility, and which were performed under similar working conditions. NAC also discriminated by subjecting MORCOM to less (discriminatory) pay in violation of the Equal Pay Act.

88.     NAC caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the Equal Pay Act. Further, NAC knew of or showed reckless disregard for the fact that its conduct was in violation of the Equal Pay Act.

89.     As a result of NAC's willful, knowing and intentional discrimination, MORCOM has suffered and will continue to suffer harm, including but not limited to, lost wages and other financial loss.

90.     MORCOM should be awarded all legal and equitable remedies, including underpaid wages, doubled compensatory awards for all willful violations and reasonable attorneys' fees under 29 U.S.C. § 216, *et seq.*

91.     Reasonable attorneys' fees should be awarded under 29 U.S.C. § 216(b).

## TENTH CAUSE OF ACTION

### TITLE VII GENDER DISCRIMINATION

### 42 U.S.C. § 2000e, *et seq.*

### AGAINST NAC & WHITFORD

92.     MORCOM incorporates herein by reference each and every allegation contained in Paragraphs 1 through 91, inclusive, of the Complaint, as though set forth in full.

93.     NAC has discriminated against MORCOM in violation of Title VII of the Civil Rights Act 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), by subjecting her to different and adverse treatment on the basis of her gender. MORCOM has suffered both disparate impact and disparate treatment as a result of NAC's conduct.

94.     NAC discriminated against MORCOM by treating her less preferably than similarly-situated male employees and by subjecting her to discriminatory (lesser) pay and other forms of discrimination, in violation of Title VII.

95.     NAC's conduct was intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of MORCOM'S rights, entitling her to punitive damages.

96.     As a result of NAC's conduct alleged in this complaint, MORCOM has suffered and continues to suffer harm, including but not limited to lost wages, diminished employment

opportunities, and humiliation, embarrassment, emotional and physical distress, and mental anguish.

97.     NAC's policies, practices and/or procedures have produced a disparate impact on MORCOM with respect to her wages.

98.     Therefore, MORCOM is entitled to all remedies available for violations of Title VII, including an award of punitive damages. Reasonable attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

## ELEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200 *et seq.*

### AGAINST ALL DEFENDANTS

99.     MORCOM incorporates herein by reference each and every allegation contained in Paragraphs 1 through 98, inclusive, of the Complaint, as though set forth in full.

100.    California Business & Professions Code section 17200 prohibits any unlawful, unfair, and fraudulent business practice.

101.    NAC and WHITFORD violated Section 17200 by engaging in the unlawful act or practice of discriminating against women.

102.    Throughout MORCOM's employment with NAC, NAC and WHITFORD engaged in a continuous pattern of unlawful discrimination towards MORCOM and other female employees and athletes at NAC in violation of California Code of Regulations § 7290.6(b) and Section 8 of Article 1 of the California Constitution as discussed above.

103.    MORCOM worked for NAC as Varsity Women's Rowing Head Coach. NAC paid the **male** coach who held the ***very same position*** as MORCOM just before her ***$10,000 more than Morcom*** even though MORCOM obtained similar results and had arguably better qualifications. After MORCOM was forced to resign to due harassment and discrimination, NAC and WHITFORD replaced MORCOM with PICKARD. NAC paid PICKARD ***$10,000 more than Morcom*** to do the very same job as MORCOM. These actions are unlawful in violation of the California Equal Pay Act, Federal Equal Pay Act, and Title VII as discussed above.

104.    As a result of NAC and WHITFORD's conduct, MORCOM has suffered and will continue to suffer harm, including but not limited to, lost wages and other financial loss.

105. PICKARD violated California's Comprehensive Computer Data Access and Fraud Act California Penal Code § 502(c).

106. After MORCOM left NAC, PICKARD invaded MORCOM's privacy by logging into her personal email account—without MORCOM's authorization—for at least six months. PICKARD told other NAC employees, including WHITFORD, that he had access to MORCOM's email account. PICKARD shared the contents of MORCOM's personal emails with WHITFORD and NAC, and never bothered to log out or stop checking MORCOM's email for months after MORCOM was forced to leave NAC. In the fall of 2018, PICKARD went so far as to read an email indicating that MORCOM's Department of Fair Employment Housing complaint had been filed and informed WHITFORD and NAC.

107. As a result of PICKARD's conduct, MORCOM suffered harm.

## TWELFTH CAUSE OF ACTION

**Violation of California's Comprehensive Computer Data Access and Fraud Act**

**Penal Code § 502**

**AGAINST PICKARD**

108.   MORCOM incorporates herein by reference each and every allegation contained in Paragraphs 1 through 104, inclusive, of the Complaint, as though set forth in full.

109.  Pickard intentionally accessed a protected computer without authorization when he repeatedly viewed MORCOM's personal email account.

110.  Pickard accessed MORCOM's email account without any authority and without her permission on countless occasions. Pickard read through MORCOM's personal emails, including an email from Anthony Chavos regarding MORCOM's complaint filed with the Department of Fair Employment and Housing and multiple emails between MORCOM and the University of Miami regarding potential employment. At Whitford's request, Pickard systematically searched and read Morcom's personal and private correspondence. Pickard then forwarded copies of

Morcom's emails to Whitford. Whitford made this request because he feared that Morcom would pursue a legal claim against him and NAC, and he used Pickard in an illegal and offensive scheme to gather evidence from Morcom's emails that Whitford hoped to use to defend against Morcom's claims.

111. Pickard's hacking into MORCOM's personal email as described above resulted in impairment to the integrity and availability of MORCOM's email data, programs, systems and information.

112. These actions violate Penal Code section 502, which prohibits "[k]nowingly access[ing] and without permission tak[ing], cop[ying], or mak[ing] use of any data from a computer, computer system, or computer network, or tak[ing] or cop[ying] any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network." Section 502 (c)(2).

113. As a direct and proximate result of PICKARD's actions, MORCOM has suffered damages in an amount to be proven at trial. MORCOM is also entitled to punitive or exemplary damages against Defendants because the acts described here were done with malice and oppression.


**PRAYER FOR RELIEF**

WHEREFORE, MORCOM prays for judgment as follows:

(1)     For compensatory damages in an amount according to proof at the time of trial;

(2)     For consequential damages in the amount according to proof at the time of trial;

(3)     For punitive damages in an amount according to proof at the time of trial;

(4)     For pre-judgment and post-judgment interest as provided by law;

(5)     For cost of suit incurred herein in an amount according to proof at the time of trial;

(6)     For reasonable attorney's fees in an amount according to proof at the time of trial; and

(7)     For such other and further relief as the Court deems just and proper.

Dated: December 22, 2020

FORD & DIULIO PC

By: _____
     Kristopher R. Diulio
     Olivia S. Cannon

Attorneys for Plaintiff CRISTINA MORCOM

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

Plaintiff CRISTINA MORCOM hereby demands a trial by jury.

Dated: December 22, 2020

FORD & DIULIO PC

By: _____
     Kristopher R. Diulio
     Olivia S. Cannon

Attorneys for Plaintiff CRISTINA MORCOM

23
**COMPLAINT**

# EXHIBIT A



# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
# RIGHT-TO-SUE

Your submission of this document acknowledges that you have read and agree to the DFEH's Privacy Policy. By submitting this document, you are declaring under penalty of perjury under the laws of the State of California that to the best of your knowledge all information stated is true and correct, except matters stated on information and belief, which you believe to be true.

DFEH CASE NUMBER (IF APPLICABLE):
201810-03804005

COMPLAINANT:

NAME:
CRISTINA MORCOM

TELEPHONE NUMBER:
(910) 322-3507

ADDRESS:
6990 SW 90th St

EMAIL ADDRESS:
cristinamroot@gmail.com

CITY/STATE/ZIP:
Pinecrest, FL 33156

RESPONDENT:

NAME:
NEWPORT AQUATIC CENTER

TELEPHONE NUMBER:
(949) 6464-7725

ADDRESS:
1 WHITE CLIFFS DR.

CITY/STATE/ZIP:
NEWPORT BEACH, CA 92660

NUMBER OF EMPLOYEES: 39 approx    TYPE OF EMPLOYER: Non-profit public benefit corporation

RECEIVED

SEP 2 4 2018

Department of Fair Employment & Housing
Elk Grove

**ADD CO-RESPONDENT:**

NAME: WILLIAM WHITFORD aka BILLY WHITFORD

TITLE: EXECUTIVE DIRECTOR OF NEWPORT AQUATIC CENTER

ADDRESS: 1 WHITE CLIFFS DR., NEWPORT BEACH CA 92660

TELEPHONE NUMBER: (949) 646-7725

**ADD CO-RESPONDENT:**

NAME:

TITLE:

ADDRESS:

TELEPHONE NUMBER:

**DATE OF HARM:**

LAST DATE OF HARM (Month/Day/Year): 07/20/2018

1. I ALLEGE THAT I EXPERIENCED: ☑ Discrimination   ☑ Harassment

**BECAUSE OF MY ACTUAL OR PERCEIVED:**

☐ Age (40 and over)

☐ Ancestry

☐ Association with a member of a protected class

☐ Baby Bonding Leave (employers of 20-49 people)

☐ Criminal History

☐ Color

☐ Disability (physical or mental)

☐ Family Care or Medical Leave (CFRA) (employers of 50 or more people)

☐ Gender Identity or Expression

☐ Genetic Information or Characteristic

☐ Marital Status

☐ Medical Condition (cancer or genetic characteristic)

☐ Military and Veteran Status

☐ National Origin (includes language restrictions)

☐ Race

☐ Religious creed (includes dress and grooming practices)

☑ Sex/Gender

☑ Sexual harassment – hostile environment

☐ Sexual harassment – quid pro quo

☐ Sexual orientation

☑ Other (specify) Whistleblower _____

**AS A RESULT, I WAS:**

- [✓] Asked impermissible non-job-related questions
- [ ] Denied Baby Bonding Leave (employers of 20-49 people)
- [ ] Demoted
- [ ] Denied accommodation for pregnancy
- [ ] Denied accommodation for religious beliefs
- [ ] Denied any employment benefit or privilege
- [ ] Denied employer paid health care while on pregnancy disability leave
- [✓] Denied equal pay
- [ ] Denied Family Care or Medical Leave (CFRA) (employers of 50 or more people)
- [ ] Denied hire or promotion
- [ ] Denied or forced to transfer
- [ ] Denied reasonable accommodation for a disability
- [ ] Denied the right to wear pants
- [✓] Denied a work environment free of discrimination and/or retaliation
- [ ] Denied work opportunities or assignments
- [✓] Forced to quit
- [ ] Laid off
- [✓] Reprimanded
- [ ] Suspended
- [ ] Terminated
- [✓] Other (specify) I was the victim of retaliation and defamatory statements

I ALLEGE THAT I EXPERIENCED:     [✓] Retaliation

**BECAUSE I:**

- [✓] Reported or resisted any form of discrimination or harassment
- [ ] Participated as a witness in a discrimination or harassment complaint
- [ ] Requested or used baby bonding leave (employers of 20-49 people)
- [ ] Requested or used pregnancy disability related accommodation
- [ ] Requested or used leave under the California Family Rights Act or FMLA (employers of 50 or more people)
- [ ] Requested or used a disability-related accommodation
- [ ] Requested or used a religious accommodation
- [ ] Reported patient abuse (hospital employees only)

3. Briefly describe what you believe to be the reason(s) for the discrimination, harassment, or retaliation. (Optional)

ON OR ABOUT JUNE 15, 2017, NEWPORT AQUATIC CENTER HIRED ME AS THE HEAD VARSITY GIRLS ROWING COACH. AFTER I WAS HIRED, BILLY WHITFORD ENGAGED IN A PATTERN OF HARASSMENT AND SOUGHT TO MANIPULATE ME IN HIS EFFORT TO CONTROL THE JR. ROWING PROGRAM AT NEWPORT AQUATIC CENTER. HE MADE MULTIPLE ATTEMPTS TO GET ME "ON HIS SIDE" BY, AMONG OTHER THINGS, FOLLOWING ME AROUND AND WATCHING EVERY MOVE I MADE. HE DID NOT DO THIS TO THE OTHER COACHES AT NEWPORT AQUATIC CENTER. HE ALSO TOLD ME THAT HE LOVED ME. AFTER RETURNING TO NEWPORT AQUATIC CENTER AFTER THE "HEAD OF AMERICA' RACE, BILLY WHITFORD PULLED ME INTO HIS OFFICE WHERE I WAS FORCED TO BE ALONE WITH HIM, AND HE SAID, "IF YOU NEED ANYTHING AT ALL, A PLACE TO STAY, MONEY, ANYTHING, YOU JUST LET ME KNOW." I WAS SHOCKED BY HIS STATEMENTS TO ME, AND IT MADE ME FEEL EXTREMELY UNCOMFORTABLE AND SCARED.

EACH TIME I REJECTED BILLY WHITFORD, HE WOULD RETALIATE AGAINST ME BY UNDERMINING MY ABILITY TO COACH THE GIRLS VARSITY TEAM, AND BY CREATING FALSE ALLEGATIONS IN AN EFFORT TO DEFAME MY REPUTATION AND CHARACTER IN THE COACHING COMMUNITY.

I COMPLAINED MULTIPLE TIMES TO THE BOARD OF NEWPORT AQUATIC CENTER AS WELL AS TO INDIVIDUAL BOARD MEMEBERS, AND ON EACH OCCASTION THE BOARD CHOSE TO DO NOTHING IN RESPONSE TO MY COMPLAINTS.

**VERIFICATION PAGE – THIS PAGE MUST BE COMPLETED**

**Before submitting the form, you must verify who you are and whether you are submitting this information for yourself or someone else.**

Verifier Name: CRISTINA MORCOM

Verifier's Relationship to Complainant: SELF

Verifier's City and State: Pinecrest, FL 33156

**By submitting this document, you are declaring under penalty of perjury under the laws of the State of California that to the best of your knowledge all information stated is true and correct, except matters stated on information and belief, which you believe to be true.**

# EXHIBIT B

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

October 5, 2018

Cristina Morcom
6990 SW 90th St.
Pinecrest, FL 33156

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 201810-03804005
Right to Sue: Morcom / Newport Aquatic Center et al.

Dear Cristina Morcom,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 24, 2018 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

# EXHIBIT C

Newport Aquatic Center
Employment Agreement

Date: 6-15-2017

Employee: **Cristina Morcom**

Address: **1235 W Town & Country Rd #2203 Orange CA 92868**

Dear **Cristina** _____ :

I am delighted to confirm the verbal offer of employment extended to you on 6-15-2017 _____.
Your position will be Head Varsity Girls Rowing Coach reporting to Pat Rolfes _____ in the
Jr. Rowing Department _____ Department. Your scheduled start date is June 2017 _____.

You will receive compensation in the amount of $ 1,923.07 _____ paid biweekly on Fridays
provided you have rendered services during the pay period, subject to any deductions permitted
under law.

As a part time / full time _____ employee, you are eligible for applicable benefits listed in the New
Employee Orientation Packet. However, any benefits currently provided may be changed or
removed at any time.

On your first day of work, please be prepared to provide employment eligibility verification.
Enclosed you will find a form outlining suitable forms of identification for submission.

Newport Aquatic Center is an at-will employer. This means that both you and Newport Aquatic
Center reserve the right to terminate the employment relationship at any time for any reason.
This letter serves only to confirm our verbal discussion of your employment and does not
constitute a contract of employment.

If you accept this offer of employment, please sign this letter and return it to me no later
than your first day of work.

Sincerely,

**Billy Whitford**
**Executive Director**

C. Morcom _____        6-15-2017 _____
Employee Signature                        Date

Cristina Morcom _____
Printed Name

## NOTICE TO EMPLOYEE
### Labor Code section 2810.5

### EMPLOYEE

Employee Name: **Cristina Morcom**

Start Date: **June 2017**

### EMPLOYER

Legal Name of Hiring Employer: **Newport Aquatic Center**

Is hiring employer a staffing agency/business (e.g., Temporary Services Agency; Employee Leasing Company; or Professional Employer Organization [PEO])? □ Yes ✓ No

Other Names Hiring Employer is "doing business as" (if applicable):

Physical Address of Hiring Employer's Main Office:
**1 Whitecliffs Dr. Newport Beach, CA 92660**

Hiring Employer's Mailing Address (if different than above):

Hiring Employer's Telephone Number: **949-646-7725**

If the hiring employer is a staffing agency/business (above box checked "Yes"), the following is the other entity for whom this employee will perform work:

Name: _____

Physical Address of Main Office: _____

Mailing Address: _____

Telephone Number: _____

### WAGE INFORMATION

Rate(s) of Pay: **$50,000 annual**          Overtime Rate(s) of Pay: _____

Rate by (check box): □ Hour □ Shift □ Day □ Week ☑ Salary □ Piece rate □ Commission
□ Other (provide specifics): _____

Does a written agreement exist providing the rate(s) of pay? (check box) □ Yes ☑ No

If yes, are all rate(s) of pay and bases thereof contained in that written agreement? □ Yes □ No

Allowances, if any, claimed as part of minimum wage (including meal or lodging allowances):
**N/A**

(If the employee has signed the acknowledgment of receipt below, it does not constitute a "voluntary written agreement" as required under the law between the employer and employee in order to credit any meals or lodging against the minimum wage. Any such voluntary written agreement must be evidenced by a separate document.)

Regular Payday: **Biweekly on Friday**

DLSE-NTE (rev 9/2014)

# WORKERS' COMPENSATION

Insurance Carrier's Name: State Compensation Insurance Fund
Address: P.O. Box 8192 Pleasanton, CA 94588
Telephone Number: 888-782-8338
Policy No.: 9050577
☐  Self-Insured (Labor Code 3700) and Certificate Number for Consent to Self-Insure: _____

# PAID SICK LEAVE

Unless exempt, the employee identified on this notice is entitled to minimum requirements for paid sick leave under state law which provides that an employee:

    a. May accrue paid sick leave and may request and use up to 3 days or 24 hours of accrued paid sick leave per year;
    b. May not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and
    c. Has the right to file a complaint against an employer who retaliates or discriminates against an employee for
        1. requesting or using accrued sick days;
        2. attempting to exercise the right to use accrued paid sick days;
        3. filing a complaint or alleging a violation of Article 1.5 section 245 et seq. of the California Labor Code;
        4. cooperating in an investigation or prosecution of an alleged violation of this Article or opposing any policy or practice or act that is prohibited by Article 1.5 section 245 et seq. of the California Labor Code.

The following applies to the employee identified on this notice: *(Check one box)*

☐  1. Accrues paid sick leave only pursuant to the minimum requirements stated in Labor Code §245 et seq. with no other employer policy providing additional or different terms for accrual and use of paid sick leave.

☐  2. Accrues paid sick leave pursuant to the employer's policy which satisfies or exceeds the accrual, carryover, and use requirements of Labor Code §246.

☒  3. Employer provides no less than 24 hours (or 3 days) of paid sick leave at the beginning of each 12-month period.

☐  4. The employee is exempt from paid sick leave protection by Labor Code §245.5. (State exemption and specific subsection for exemption):_____

# ACKNOWLEDGEMENT OF RECEIPT
## *(Optional)*

Malia Hohl                                   _Cristina Morcom_
**(PRINT NAME of Employer representative)**    **(PRINT NAME of Employee)**
*Malia Hohl*                                 _C. Mo or_
**(SIGNATURE of Employer Representative)**     **(SIGNATURE of Employee)**
6-15-2017                                    6/15/17
**(Date)**                                       **(Date)**

The employee's signature on this notice merely constitutes acknowledgement of receipt.

Labor Code section 2810.5(b) requires that the employer notify you in writing of any changes to the information set forth in this Notice within seven calendar days after the time of the changes, unless one of the following applies: (a) All changes are reflected on a timely wage statement furnished in accordance with Labor Code section 226; (b) Notice of all changes is provided in another writing required by law within seven days of the changes.

DLSE-NTE (rev 9/2014)

**CERTIFICATE OF SERVICE**

I, Olivia Cannon hereby certify as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 650 Town Center Drive, Suite 760, Costa Mesa, California 92626. On December 22, 2020 I served the following:

**SECOND AMENDED COMPLAINT**

on the interested parties in this action, by:

☒ **BY ELECTRONIC SERVICE/EMAIL:** by transmitting a true and correct copy electronically under Rule 2.251 of the California Rules of Court to the email addresses listed below from the email address ocannon@forddiulio.com

| | |
|---|---|
| Ryan Wheeler<br>Fisher & Phillips LLP<br>2050 Main Street, Suite 1000<br>Irvine, CA 92614<br>mjacobs@fisherphillips.com<br>rwheeler@fisherphillips.com<br>kchelwick@fisherphillips.com | Theresa M. Marchlewski<br>Laila Rashid<br>Jackson Lewis P.C.<br>725 S. Figueroa St. Suite 2500 Los<br>Angeles, CA 90017<br>Theresa.Marchlewski@jacksonlewis.com<br>Laila.Rashid@jacksonlewis.com |
| *Counsel for Defendants Newport Aquatic Center and William Whitford* | *Counsel for Defendant Garrett Pickard* |

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 22, 2020.

*/s/ Olivia Cannon*
Olivia Cannon